THE PEOPLE EX REL. THE VILLAGE OF COLFAX
v.
ROBERT MAXTON ET AL.

*Municipal Corporations—Estoppel* in Pais—*When Applicable to Municipal Corporation.*

1. Municipal corporations, as respects the rights of the public to the use of streets and other public rights, are not within the ordinary limitation statutes, yet the doctrine of estoppel *in pais* may be applied to them.

2. An ordinance (illegally passed) disconnecting certain territory from a village, having been acted upon for a series of years, this court holds that the village, under the facts shown, was estopped from asserting jurisdiction over such territory.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. A. E. DeMANGE, for appellant.

Mr. THOMAS F. TIPTON, for appellees.

CONGER, P. J.   On the 17th day of October, 1882, the village of Colfax, by its president and board of trustees, attempted to pass an ordinance disconnecting certain territory, which had formerly been within its boundaries.   The ordinance received a majority of the votes of the members present, but not a majority of all the members elect, which was requisite under the statute.   The ordinance, therefore, was never legally passed.   It was, however, published and recognized as valid by the officers of the village and the officers of the township in which the territory lay.   The latter took charge of it, levied taxes upon it, worked the roads, built a bridge within it costing $6,000, one half of which was paid for by the county, and from the time such disconnecting ordinance was published, the territory so attempted to be disconnected was recognized and treated by both village and township as not being a part of the village until the 5th day of August, 1889, when the president and board of trustees of the village passed an ordinance levying a tax upon the real and personal property within its limits for corporate purposes, and a demand was made upon appellee Maxton, who was county clerk, that he extend such taxes, and upon his refusal so to do, a writ of mandamus issued to compel him to extend such taxes.

No defense was made by Maxton, but the commissioners of highways of the township, by leave of court, became parties and filed a demurrer to the petition, which being overruled, they answered, setting up the same facts recited in the petition, and also, that relator caused said disconnecting ordinance to be printed in pamphlet form; that they, the said defendants, believing said ordinance to be valid, have each year, since 1882, assessed road and bridge taxes on the lands described in said ordinance; that they opened a public highway through the territory therein described, and worked the same, and expended large sums of money on the same; that they caused a bridge to be constructed at a cost of $6,000, and procured county aid therefor to the extent of $3,000, and that no road tax was assessed against relator's inhabitants for the construction of said bridge, for the opening of said highway; that the

voters residing on said territory have not since 1882 exercised any rights in relator's government, nor has relator exercised any jurisdiction over said territory, and that relator was therefore estopped and barred by the lapse of time from claiming jurisdiction over said territory. The answer also denied that the appropriation ordinance, upon which relator's petition for the writ was based, ever passed or became an ordinance.

Relator then demurred to all of the answer except that part which denied that the appropriation ordinance was ever passed.

The court overruled the demurrer.

Relator then filed three pleas to the answer as follows:

1. That its board of trustees *did not* on the 17th day of October, 1882, or at any other time, pass and adopt said disconnecting ordinance.

2. That its board of trustees *did* pass said appropriation ordinance.

3. That its village clerk, of his own wrong and without authority of law, certified that said alleged disconnecting ordinance was properly passed, and of his own wrong and without authority of law, filed a copy of said disconnecting ordinance in the office of the recorder and county clerk of said county, and that relator did not cause the said clerk to so certify or so file said ordinance.

Defendants demurred to the third plea which was overruled.

Defendants then filed a motion for judgment on the issues joined, which the court sustained, and gave judgment for defendants for costs.

The doctrine is well settled in this State that while municipal corporations, as respects the right of the public to the use of streets and other public rights, are not within the ordinary limitation statutes, still the principle of an *estoppel in pais* may be applied; " as this leaves the court to decide the question, not by the mere lapse of time, but by all the circumstances of the case, to hold the public estopped or not, as right and justice may require." C. R. I. & P. R. R. Co. v. Joliet, 79 Ill. 25; Lee v. Town of Mound Station, 118 Ill. 304.

We hold .under the circumstances of this case that not only right and justice, but public policy requires that the village should be estopped from now asserting jurisdiction over .the territory in dispute, and the judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*