## City of Hazard v. Howard's Administratrix.

(Decided May 6, 1932.)

CLARK PRATT for appellant.

G. C. WILSON and D. G. BOLEYN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

In march, 1927, P. D. Howard fell into a hole in the sidewalk on the east side of the courthouse in Hazard. The hole had been dug by the county. He died eleven days later, and this action was brought by his administratrix against the city of Hazard and Perry county to

recover for his death. The defendants each demurred to the petition. The demurrer of the city of Hazard was overruled, but no ruling of the court was made on the demurrer of Perry county. The city of Hazard filed answer, and the case came on for the trial. The jury returned a verdict for $1,000 in favor of the plaintiff. The court granted a new trial, and on the second trial of the case the plaintiff recovered a verdict and judgment for $500. against the city, and it appeals.

The city defended the action on the ground that it was not responsible for the action of the county in digging a hole in the sidewalk. The plaintiff's petition contained these averments.

"Plaintiff says that the defendant, City of Hazard, owns and maintains a sidewalk on the east side of Main Street and in front of the courthouse in said town and that said sidewalk has long been constructed and maintained by said city as a public highway for the use of the public by pedestrians having occasion to travel thereon and that said sidewalk along said side of Main Street in said town and in front of the courthouse is a greatly frequented place and much traveled by the general public."

These allegations of the petition were denied by the answer, and, after the hearing of the evidence, the court gave the jury, among other things, this instruction:

"It was the duty of the defendant, City of Hazard, to use ordinary care to keep its streets and sidewalks, including the sidewalk in front of the courthouse in the City of Hazard, in a reasonably safe condition for use by pedestrians, and if you shall believe from the evidence that at the time mentioned in the petition, the pavement of said place was not in a reasonably safe condition for use by pedestrians, but was in a dangerous condition by reason of a hole in the sidewalk and the city, through any of its officers or agents, whose duty it was to report or make provision for keeping the sidewalk in a reasonably safe condition for pedestrians, knew thereof, or could have known thereof by the exercise of ordinary care, and that the deceased, P. D. How-

ard, while exercising care for his own safety, fell into that hole and received injuries which resulted in his death, .the law is for the plaintiff and you should so find, and unless you so believe you should find for the defendant.''

The proof on the subject was as follows: J. M. Cornett testified for the plaintiff that the sidewalk was about 8 feet wide. They had dug a big hole in the sidewalk leaving a space of about 2½ feet next to the wall inclosing the public square. Howard came walking along with another person. Just before he got to the hole he looked toward High street, and, not seeing the hole, stepped into it and was injured. It was about 12 o'clock in the day, on a bright day. The sidewalk in question runs around the square in front of the courthouse. The sidewalk was much used by the public, and was one of the main sidewalks of streets of the city.

On the other hand, the proof for the city was, in substance, this: The county, in 1913, had a sidewalk built on all four sides of the public square, and had a wall built just inside of the sidewalk. The sidewalk and wall remained in this condition from that time until the time in question. The county paid for the sidewalk, and the city had nothing to do with it. In 1927 the county concluded to make a sewer connection from the courthouse out to the sewer on Main street, and, in doing this, the county authorities cut a hole in the sidewalk for the construction of a manhole there. Bob Combs was employed by the county to do the work. He had prisoners digging the hole. They put up barriers at night, but did not put up any in the day, as they would be in the way of the work. Combs was on the lookout, and, seeing Howard approaching, hollered to him twice; but Howard did not hear and fell into the hole. Howard was over seventy years of age. He had been paralyzed two years before; he was feeble and walked badly.

On this proof the court erred in peremptorily instructing the jury that it was the duty of the city to keep this sidewalk in a reasonably safe condition. It was not shown that the sidewalk was within the limits of Main street as established, or had in any way become the property of the city. For all that appears in the proof, it may be altogether on the public square, which is the property of the county and over which the city has no control. There are many such sidewalks in the state.

716

It is admitted that the county authorities dug the hole and were in possession of it. The facts are so meagerly presented that this court cannot determine the rights of the parties, and on another trial the proof may be fuller. It is only determined now that the peremptory instruction, that it was the duty of the city to keep this sidewalk in reasonably safe condition, should not have been given. City of Pineville v. Lawson, 255 Ky. 542, 9 S. W. (2d) 517, and cases cited, are relied on to sustain the instruction of the court; but in all those cases it was shown that the city was in possession of the structure or had exercised control over it, or it was within the street to which the city had title. All other questions are reserved.

Judgment reversed, and cause remanded for a new trial.