## City of Corbin v. Payne.

Dec. 5, 1941.

M. A. Gray for appellant.

R. L. Pope and O. W. Black for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Bacon's Creek separates the City of Corbin as it existed prior to September 11, 1928, from a settlement known as Hart Hollow which the City, by ordinance adopted on that date, proposed to annex. On October 24, 1938, a wooden bridge spanning the creek broke while appellee was driving his truck across it, and this action was instituted to recover the damages which he alleges he sustained. A jury awarded him $1,238.10, and this appeal is from the judgment entered upon that verdict.

Three grounds for reversal are urged, namely, that the bridge was not within the corporate limits of the municipality; the admission of incompetent testimony by which appellee attempted to establish the contrary; and newly discovered evidence tending to show that appellee was not in fact injured.

Appellee proved the adoption on September 11, 1928, of an ordinance, ''Proposing the annexation'' of

a tract extending west of and bordering upon Bacon's Creek. This is the section known as Hart Hollow. The boundaries of a section annexed in 1920 extended to the east bank of the creek, and hence, if the proposed annexation of Hart Hollow had been consummated in the manner prescribed by Kentucky Statutes 3279 and 3287, there would be no question as to the bridge being within the corporate limits, or as to the City's liability for failure to properly maintain it. City of Harlan v. Parsons, 202 Ky. 358, 259 S. W. 717; City of Pineville v. Lawson, 225 Ky. 542, 9 S. W. (2d) 517; Louisville & Nashville Railroad Co. v. Muncey, 229 Ky. 538, 17 S. W. (2d) 422; Louisville & Nashville Railroad Co. v. Hadler's Adm'r, 269 Ky. 115, 106 S. W. (2d) 106.

The City predicated its defense upon the fact that the annexation of the territory west of the creek proposed by the 1928 ordinance had never been consummated and denied appellee's allegation that the bridge was within the corporate limits. By an amended petition appellee alleged that the City had assumed the control and upkeep of the bridge, and had collected taxes from the residents of the territory west of the creek, and "held out such bridge to the public, including this plaintiff, as being City owned, City constructed, and its controlled property." These allegations were traversed, and while the evidence fails to show that the City authorized the construction of the bridge, which appears to have been built by the W. P. A, the appellee did succeed in establishing by competent testimony, namely, that of the City Clerk, that the residents of Hart Hollow were assessed and had paid City taxes and that they were furnished City lights. The incompetent testimony of which appellant complains consists of statements by non-officials that the bridge and Hart Hollow were within the corporate limits of Corbin, and that the City built the bridge; but in view of the conclusion which we have reached from the properly established facts, the incompetent testimony was immaterial.

That conclusion is that a municipality may not reap the benefits and at the same time disclaim the responsibilities arising from the unresisted inclusion within its boundaries of territory sought to be annexed by defective or uncompleted proceedings. It may at any time repudiate the status thus created, but not so as to escape liability for its acts or omissions occurring previously

for which it would have been liable had the status been legally established. People ex rel v. Maxton et al., 38 Ill. App. 152; State et al. v. Willis et al., 18 N. D. 76, 118 N. W. 820.

Although some three months before the trial appellee had taken the deposition of Dr. L. L. Terrell who testified that an examination made at that time disclosed that appellee had sustained a severe rupture, appellant's counsel introduced no testimony at the trial refuting appellee's claim that the rupture had been caused by the precipitation of the truck through the bridge and that he had been thereby permanently incapacitated from performing hard labor. The City's entire effort was directed toward showing that the bridge was not within the corporate limits and that it would bear only a light load. It is true that one of the City's commissioners testified that appellee did not complain of "being hurt in any way" when he first called upon the witness "about getting him out and about him getting pay for it"; but this witness admitted that on appellee's second visit he complained of being injured.

We have recited these facts because of the light which they throw upon the question of whether appellant's counsel exercised due diligence prior to the trial to obtain the testimony which he now deems of sufficient importance to entitle appellant to a new trial. That testimony is set forth in the affidavits of J. A. Hood, a city councilman, and William Anders. Both resided in Corbin, and the gist of their testimony is that at the time of the accident, or shortly thereafter, appellee said that he was not hurt "or even scared." Anders was in the cab of the truck when the bridge broke, walked some distance with appellee immediately afterward, was with appellee at the scene of the accident while the truck was being removed, and did not hear appellee complain that he had been injured. Neither of the witnesses communicated any of the facts to appellant's counsel prior to the trial, nor was any effort made by him to discover their testimony. Appellant's counsel dwells at length upon the failure of appellee to disclose that Anders was on the truck when the bridge broke; but there is no evidence that appellee concealed the fact from anyone, and appellant's counsel could easily have discovered it by taking appellee's deposition. Moreover, we do not regard the additional testimony as important in the sense

that its introduction at another trial would probably bring about a different result, since it does not materially conflict with appellee's testimony. The only injury to which he testified was the rupture, and he was not asked when it developed or when he became aware of its existence. He stated in his testimony that he had walked up the street after the accident to the office of the City Commissioner, and much of the alleged newly discovered evidence is contradicted by counter affidavits. On the whole, it is apparent that the additional testimony, the discovery of which, it is insisted, entitled appellant to a new trial, does not possess the requirements frequently prescribed as necessary to bring about that result. Benge's Adm'r v. Marcum, 194 Ky. 121, 238 S. W. 174.

Judgment affirmed.