**Jessie SMITH, Appellant,**

**v.**

**CITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

William Lehnig, Duncan & Lehnig, Louisville, for appellant.

W. A. Stephenson, Louisville, for appellee.

DAVIS, Commissioner.

The trial court entered summary judgment dismissing appellant's complaint against the City of Louisville in her suit for damages arising from her falling on a sidewalk. A phase of this matter was before this court in Smith v. Klarer Company, Ky., 405 S.W.2d 736.

The trial court based its summary judgment against the appellant on the ground that it was conclusively shown that appellant had fallen at a place on the sidewalk built by and under the control of The Klarer Company. The trial court concluded that the sidewalk was under the control of Klarer and that the city had neither the right nor duty to maintain it.

In considering the motion for summary judgment, the trial court had before it a survey and the undisputed affidavit of the surveyor locating the exact site of appellant's fall at a point two feet six inches south of the city's right-of-way line and that distance within the property line of Klarer. In this respect it is significant that appellant and all counsel in the case assembled at the accident scene and pointed out to the surveyor the precise place where appellant had fallen.

The appellant relies on Snyder v. City of Lexington, KLR 1562, 49 S.W. 765, and City of Pineville v. Lawson, 225 Ky. 542, 9 S.W.2d 517, in support of her argument that the City of Louisville may not be absolved from liability merely because the sidewalk is beyond its right of way. The difficulty we have in accepting this premise is that the cases cited are predicated on the proposition that the city accepted the sidewalk and bridge for public use and exercised control over them. There is no such showing here. In Perry v. City of Cumberland, 312 Ky. 375, 227 S.W.2d 411, this court observed:

"The liability of a city for injuries caused by defects in its public streets is predicated upon a failure to perform its duty with respect to proper maintenance and repair. The duty may be imposed either by the common law or by statute. Its basis is the fact that a municipality is ordinarily invested with *control* of the streets and highways within its corporate limits. See 25 Am.Jur., Highways, Section 348.

"Running throughout the cases which we have examined, there appears this constant element of control. See City of Pineville v. Lawson, 225 Ky. 542, 9 S.W. 2d 517; City of Hazard v. Howard's Administratrix, 243 Ky. 713, 49 S.W.2d 537; and City of Corbin v. Payne, 288 Ky. 566, 156 S.W.2d 850." Id., 227 S.W. 2d 413.

The rationale of that decision is applicable to the case before us, and the lack of control on the part of the City of Louisville as to the site of the accident appropriately insulates the city from liability in this case. Since there was no genuine issue of any material fact in this respect, summary judgment was properly entered for the appellee.

The judgment is affirmed.

All concur.