Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CATHERINE RUSSO, Respondent, for Compensation under the Workmen's Compensation Law, on Behalf of Herself and Infant Children on Account of the Death of JAMES RUSSO, *v.* JARVIS STORES, INC., Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, Limited, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

Workmen's Compensation Law — death of person employed as stableman — failure to show that accident occurred in course of employment — claim must be supported by common-law proof independently of statutory presumption.

In a proceeding under the Workmen's Compensation Law, it appeared that the deceased, who was employed as a stableman, finished his duties about seven o'clock in the evening and over half an hour thereafter was

discovered lying in the gutter of a street about fifty feet from the premises of his employer. His ribs were broken and he was carried to a hospital where he afterwards died. No broom was found upon the street to indicate that he was sweeping the same in the line of his duty at the time of the accident, and he had no other duty which would have called him to work outside the stable. On all the evidence, *held*, that the award should be reversed and the claim dismissed.

All the elements of an accidental injury arising out of and in the course of an employment must be shown to exist by common-law proof independently of the statutory presumption before a claim may be allowed.

John M. Kellogg, P. J., dissents.

Appeal by the defendants, Jarvis Stores, Inc., and another, from a decision and award of the State Industrial Commission, made on the 19th day of January, 1920, and entered in the office of said Commission.

*Robert H. Woody* [*James F. Barber* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. Kellogg, J.:

The deceased was a stableman in the employment of a corporation which conducted a warehousing and trucking business. He was required to care for and feed about twenty horses, to keep their stalls and the stable clean, to unlock the stable in the morning, to lock it up at night, and occasionally to sweep the sidewalk in front of the premises. It was his duty to remain at the stable until the last team came in at night so that it might be fed by him. Before feeding such a team it was required that thirty minutes after its arrival should elapse. On the night in question the last team came in at about six-thirty, so that on this occasion the deceased may have finished all his work at shortly after seven. Between seven-thirty and eight-ten the deceased was discovered lying in a gutter of the street about fifty feet from the premises of his employer. His ribs were broken, and he was carried to a hospital where he soon afterwards died. No broom was found upon the street to indicate that he had been engaged in sweeping the sidewalk at the time of the accident. As no other of his known duties would have called him to work

outside the stable, no fact appears from which it could justly be inferred that the deceased was in the course of his employment when injured. Nor is the claim assisted in this respect by any presumption given by section 21 of the Workmen's Compensation Law. We might have held otherwise were it not for the recent decision of the Court of Appeals in *Matter of Eldridge* v. *Endicott, Johnson & Co.* (228 N. Y. 21). That case is a clear authority to the effect that all the elements of an accidental injury arising out of and in the course of an employment must be shown to exist by common-law proof independently of the statutory presumption before a claim may be allowed. This claim was not supported either directly or inferentially by such proof, and it must, therefore, fail.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.