## Wilson Berger Coal Company, et al. v. Brown.

(Decided February 17, 1928.)

### Appeal from Harlan Circuit Court.

1.  Master and Servant.—Where findings of fact by Workmen's Compensation Board are supported by competent evidence, they are not subject to review by the courts.

2.  Master and Servant.—Where there is no issue of fact in workman's compensation case, or the facts are undisputed, findings of the Workmen's Compensation Board are findings of law, subject to review by the courts.

3.  Master and Servant.—Where employee was injured while returning from work by stumbling over stone in road built by employer over its premises for the convenience of its employees and persons having business with the company, accident held one arising out of and in the course of the employment, and the employee was entitled to compensation.

SAMPSON & SAMPSON for appellant.

ASHER & SHEHAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

George Brown, an employee of the Wilson Berger Coal Company, who was ruptured by a fall over a stone lying in the road leading over the company's premises, was denied compensation by the Workmen's Compensation Board on the ground that the accident occurred on a public highway and not in the course of his employment. On appeal to the Harlan circuit court the order dismissing his claim was set aside and Brown was awarded compensation. The Wilson Berger Coal Company appeals.

Appellant had leased a large body of land in Harlan county for the purpose of operating a coal mine, and had constructed a coal camp thereon. The coal tipple was located in the camp, and nearby were the houses which had been constructed by appellant for the use of its miners. Appellee worked on the tipple, and was living in one of these houses which he had leased from appellant. Leading from the tipple through the camp is a road. While returning from the tipple to his home appellee stumbled over a rock in the road and sustained an injury resulting in a hernia. The uncontradicted evidence shows that the road on which the appellee was injured was not a state or county highway. On the con-

trary, it was a road built by the company on the leased premises for the convenience of its employees and persons having business with the company. At times the road was also used by the general public. Neither the state nor the county contributed anything to the building of the road or exercised any jurisdiction over the road.

While it is true that findings of fact by the Workmen's Compensation Board, if supported by competent evidence, are conclusive, and not subject to review by the courts (Hagan v. Mason-Hanger Construction Co., 198 Ky. 326, 248 S. W. 896), it is also the rule that where there is no issue of facts, or the facts are undisputed, then the question on the facts is one of law, and the finding of the board is a finding of law subject to review (Rusch v. Louisville Water Co., 193 Ky. 698, 237 S. W. 389). Here there is no conflict in the evidence, and not a single fact tending to show that at the time of the accident appellee had left appellant's premises and was on a public highway. On the contrary, he was on a road that appellant had constructed on its own premises for its own convenience and for the convenience of its employees and persons having business with the company. The public authorities had never accepted or exercised any control over the road, and the mere fact that it was used occasionally by the general public did not destroy its character as a private road intended primarily for the use of its employees and those having business with the company.

There can be no doubt that an employee, while going to, or returning from, his place of work along a road leading over his employer's premises, and built and intended for his use, is still in the course of his employment, and if he is injured while so traveling, the accident is one arising out of and in the course of his employment. Harlan Gas Coal Co. v. Trail, 213 Ky. 226, 280 S. W. 954; De Constantin v. Public Service Commission, 75 W. Va. 32, 83 S. W. 88, L. R. A. 1916A, 329; Nieman v. Feldman Milk & Cream Co., 2 Leading Decisions (1917-1919) W. C. B. 35; L. & N. R. Co. v. Walker's Adm'r, 162 Ky. 209, 172 S. W. 517. We therefore conclude that the circuit court did not err in awarding appellee compensation.

Judgment affirmed.