In the Matter of the Claim of MARY MAUSERT, Respondent, against ALBANY BUILDERS SUPPLY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 16, 1928.

Workmen's compensation — injury arising out of and in course of employment — employee fell from wagon he was driving and was killed — no proof as to cause of fall — burden is on claimant to show that employment gave rise to accident resulting in injury — claimant did not sustain burden.

The decedent, while driving his employer's team and wagon over smooth pavement, fell therefrom and suffered injuries from which he died. A man who attempted to help him testified that his face was white but that there was no odor of liquor and the contention that he was intoxicated is not sustained.

However, the cause of the fall is not explained by the evidence, and since the burden is on the claimant to show that the employment itself gave rise to the accident resulting in the injury, which burden is not sustained, the award is reversed and the matter remitted.

APPEAL by the Albany Builders Supply Company and another from an award of the State Industrial Board, made on the 19th day of January, 1928.

*Jeremiah F. Connor*, for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

DAVIS, J. On September 19, 1927, William Mausert was employed by the Albany Builders Supply Company as a team driver. He was at that time forty-four years of age, unmarried and living with his mother who was in part dependent upon him for support.

At about eleven-thirty in the forenoon on the day above stated, Mausert was driving his employer's team and wagon over a smooth pavement. The horses were proceeding at a walk. Mausert was observed leaning forward on the seat and a man ran to support him, but before he could be reached he fell off the wagon and two wheels passed over the left side of his body and crushed his chest. He died the same day. The man who went to his aid noticed that his face was white, but got no odor of liquor from his breath. An official of the corporate employer testified that he saw Mausert at about nine-thirty A. M. and he looked as though he had been drinking. Intoxication was not established. The cause of the fall of the employee from the wagon is entirely unexplained.

The finding of the Board is that " he accidentally fell from the seat of the said wagon." The injury admittedly occurred in the course of his employment; but the question is, did it arise out of the employment?

In English cases cited by the learned counsel for the respondent, the rule seems well settled that an accident occurring from a fall is deemed to arise out of the employment, although the fall was caused by something entirely unrelated to the employment, such as an epileptic fit or other seizure; or even where the fall is not accounted for directly. (See *Wilkes* [or *Wicks*] v. *Dowell & Co.*, 7 W. C. C. 14; *Fennah* v. *Midland & G. W. Railway*, 4 B. W. C. C. 440; *Wright & Greig, Ltd.*, v. *M'Kendry*, 11 id. 402; *S. S. "Swansea Vale"* [Owners of] v. *Rice*, 4 id. 298.) There is a similar rule in other jurisdictions. (*Carroll* v. *What Cheer Stables Co.*, 38 R. I. 421; *Dow's Case*, 231 Mass. 348; 121 N. E. 19; *Board of Commissioners* v. *Shertzer*, 73 Ind. App. 589; 127 N. E. 843.) The doctrine in this State has not yet gone so far. The burden is upon the claimant to show that the employment itself gave rise to the accident resulting in injury. (*Matter of Eldridge* v. *Endicott, Johnson & Co.*, 228 N. Y. 21; *Russo* v. *Jarvis Stores, Inc.*, 193 App. Div. 587.) While dizziness or other conditions leading to accident resulting from the nature of the work may form part of the train of causation of an accidental fall resulting in injury (*Santacroce* v. *Sag Harbor Brick Works*, 182 App. Div. 442; *Matter of Barath* v. *Arnold Paint Co.*, 238 N. Y. 625), an injury following a fall caused by disease unrelated to the employment cannot be said to arise out of the employment. (*Matter of Collins* v. *Brooklyn Union Gas Co.*, 171 App. Div. 381; *Minerly* v. *Kingsbury Construction Co.*, 191 id. 618; *Neuberger* v. *3d Ave. R. Co.*, 192 id. 781; *Joseph* v. *United Kimono Co.*, 194 id. 568.)

This case is very similar in its facts to one recently decided by this court (*Matter of Daly* v. *U. S. Trucking Co.*, 221 App. Div. 808; affd., 248 N. Y. —). Unless further proof is made showing a cause for the fall arising out of the employment, we think that decision must be regarded as controlling in this case.

The award should be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.