## A. C. Lawrence Leather Co. v. Barnhill et al.

(Decided May 30, 1933.)

FRANK C. MALIN and HUBERT T. WILLIS for appellant.

DYSARD, TINSLEY & PRICHARD for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The A. C. Lawrence Leather Company is insisting that, whether the facts of the case be considered as disputed or undisputed, the award of the Compensation Board, brought here for review, is erroneous, because it is without any evidence to support it; based entirely on conjecture, surmise, and guess, and because of the failure of the board to comply with section 4880, Ky. Stats. It argues that the evidence does not show a compensable injury; i. e., (1) the injury did not arise out of nor (2) in the course of his employment, and (3) was caused by a pre-existing disease.

To consider intelligently the questions presented, the proven facts must be considered.

Bud Barnhill, 35 years of age, was on February 14, 1931, an employee of the A. C. Lawrence Leather Company, as a "gin hand." On the morning of that day he appeared as usual at his place of work, and engaged in stacking tanbark for about 7½ hours. Thereafter he and a fellow workman were put to stacking sacks of some sort of substance, weighing, according to his testimony, about 200 pounds, but, according to that of the company, exactly 169 pounds each. During the day, to several of his fellow employees, Barnhill stated that he had been feeling unwell all day, and that he was "chilly." On this account, he worked wearing a heavy sheepskin coat. Those with him were without any sort of heavy outer garment. His condition during the day is shown by his statements to others, while in the hospital. In fact, his testimony in his own behalf substantially shows that he was not feeling well on that day.

About the time he and his companion completed stacking the sacks, the whistle, signifying the end of the day's work, blew, when he prepared to go home. There was provided, for the coming in and going out of the employees, a cinder roadway leading straight into the company's premises from Central avenue. On the right of it is an open chute filled with tanbark. The roadway parallels this chute, probably 100 feet or more, and then crosses several railroad tracks which run into, and past, the bark chute, and at right angles with the roadway. The roadway is about 100 feet from the tanbark chute, leaving an open space between them, the road paralleling both. Immediately across the railroad tracks to the right of the road, behind the corner of the tanbark chute, on the opposite side of the railroad track, and next to what is known as a "gas house," is a parking space used by the employees. Barnhill parked his car in this space. After he completed his day's work, he went to his car with the intention of driving in it to his home, but could not start it. To accomplish this purpose, he went to the car of Kiser, a fellow workman, which was parked across the tracks about 50 or 75 feet from Barnhill's car, on the driveway from Central avenue, to procure a crank in this car. After getting it, he started back to his own car, but, instead of walking along the driveway provided for the use of the employees, he left it and took a short cut, walking in the space between the driveway and the tanbark chute. He passed the corner of this chute, across the tracks. At this point he turned blind or dizzy, falling, breaking his leg. For this accident and injury he made application to the Workmen's Compensation Board for adjusted compensation. Both he and the A. C. Lawrence Leather Company had accepted the provisions of the Workmen's Compensation Act, as provided by sections 4956 and 4957, Ky. Stats. The board, on hearing the evidence, awarded Barnhill compensation at the rate of $12.23 per week, from the 14th day of February, 1931, to the 24th day of June, 1931, less one week waiting period, and the further sum of $1.20 per week for a period of 355 weeks, less the 18 weeks for temporary, total disability, with interest on past-due payments. The motion for a full board review was sustained on the application of the A. C. Lawrence Leather Company, and the above award was approved by the full board. On the hearing of the petition for a review, the

circuit court approved the award, and a judgment was so entered.

A proper disposition of the questions presented requires that it be kept in mind that the application of Barnhill for adjusted compensation was for breaking his leg and not for a disease pre-existing or resulting. The breaking of his leg is the basis of the claim for which compensation was awarded him. Section 4880, Ky. Stats., authorizes adjusted compensation for personal injury sustained by an employee by an accident arising out of and in the course of his employment; "provided, however, that personal injury by accident * * * shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident, nor shall they include the results of a pre-existing disease." The statutes does not exclude the "results" of an accident. It merely excludes the "results" of a pre-existing disease. The "results," as the term is used in the statute, are the ordinary and natural consequences of the disease itself, and not the accident resulting from such disease. Robinson-Pettet Company v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50. In making the award for the compensation for a disability resulting from a traumatic injury, but presumably contributed to by a pre-existing disease, where there is a contrariety of evidence, it is the duty of the board to make a finding of facts, and the award shall be apportioned according to contribution of each to the disability. Standard Elkhorn Coal Company v. Royark, 243 Ky. 828, 50 S. W. (2d) 33; Consolidated Coal Company v. Fields, 243 Ky. 488, 49 S. W. (2d) 330.

In such case it will not be permitted to immunize its order against erroneous conclusions of law by disguising them as findings of facts. South Mountain Coal Company v. Haddix, 213 Ky. 568, 281 S. W. 493. If there is no issue of facts, or if the facts are undisputed, the question becomes one of law, and the finding of the board is a finding of law and not of fact, although it may be styled a finding of fact by the board.

The evidence shows that Barnhill was feeling unwell during the day on which he was injured, and simultaneously with his falling and breaking his leg he temporarily turned dizzy or blind. His right to com-

pensation for the breaking of his leg, in these circumstances, on the premises of the employer, while departing for his home, at the close of the day's labor, is the vital and decisive question.

In every case it is incumbent upon the employee to establish that his injury "arose out of and in the course of his employment." The words "arose out of and in the course of his employment" impose a double condition on him, i. e., the burden of proving the injury arose "in the course of," and also "out of his employment." The evidence establishing the one without proving the other will not bring his claim for adjusted compensation within the statute. Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543. It is likewise incumbent upon him to establish the proximate cause of his injury, for it is not permissible to render an award for compensation based upon mere suspicion or conjecture. Rayner v. Sligh Furniture Co., 180 Mich. 168, 146 N. W. 665, Ann. Cas. 1916A, 386, L. R. A. 1916A, 22, Anno. p. 63. While section 4987, Ky. Stats., authorizes a liberal construction of the Workmen's Compensation Act, it permits liberality on investigation, and no more. It does not dispense with the imperative duty of the claimant to prove his case, nor relieve the board of its duty to rest its findings and award upon some competent and relevant evidence of a sound, probative character, either direct or circumstantial. Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; Billiter, Miller & McClure v. Hickman, 247 Ky. 211, 56 S. W. (2d) 1003.

The words "arose out of" the employment as used in the statute refer to the cause of the accident, and the term "in the course of the employment" to the time, place, and circumstances under which it occurred. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524. An employee on the master's premises, to begin, or to engage in, his work, or at the close of the day's work in leaving the premises, is, within the meaning of the compensation act, in the course of his employment. The going to and returning from work is not limited by the exact time he reaches the scene of his labor and begins work, or when he ceases it, but includes a reasonable time, space, or opportunity, both before and after, while he is at or near his place of employment. This is the general accepted

rule. Barres v. Watterson Hotel Co., 196 Ky. 100, 244 S. W. 308; Big Elkhorn Coal Co. v. Burke et al., 206 Ky. 489, 267 S. W. 142. And, while so engaged, he may do what a reasonable person might do under similar circumstances, without going outside of his employment, though not strictly in line of duty. Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543. An injury sustained in the performance of such acts is, within the contemplation of the law, an injury arising in the course of his employment, and entitles the employee to adjusted compensation, the same as if the injury was sustained while otherwise engaged in the actual discharge of his services, on the premises of the master. Whiting-Meade Commercial Co. v. Industrial Accident Commission of State of California, 178 Cal. 505, 173 P. 1105, 5 A. L. R. 1518; Los Angeles County v. Industrial Accident Commission, 89 Cal. App. 736, 265 P. 362; Archibald v. Workmen's Compensation Commission, 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D, 1013; Mausert v. Albany Builders' Supply Co., 223 App. Div. 553, 229 N. Y. S. 652; Santacroce v. Sag Harbor Brick Works, 182 App. Div. 442, 169 N. Y. S. 695; Barath v. Arnold Paint Co., 238 N. Y. 625, 144 N. E. 918; Kaletha v. Hall Mercantile Co., 157 Minn. 290, 196 N. W. 261; State Treasurer v. Ulysses Apartments, 232 App. Div. 393, 250 N. Y. S. 190; Lovallo v. American Brass Co., 112 Conn. 635, 153 A. 783.

The fact Barnhill fell and broke his leg at a time he was taking a short cut to procure the crank for the purpose of enabling him to start his car so he could leave the premises of his employer and go to his home does not deprive him of these salutary and reasonable principles.

Barnhill's statement that he turned blind or dizzy, fell and broke his leg, is a statement of fact, not of mere supposition, surmise, or conjecture. It is at least some evidence as to how he sustained his injury. It is sufficient to warrant the finding of fact by the board, and upon which it based its award.

Applying the principles reiterated herein to the facts, the conclusion is ineludible that his injury was sustained while in the course of his employment. There being some evidence warranting the finding of the board, it is not the province of this court to review and weigh

it for ourselves, although we might consider it in a different light and reach a different finding of fact. The rule is, "if there was substantial, credible evidence supporting the findings of the board, the courts cannot interfere." It is only where there is no contrariety of evidence or disputed facts on which the board's finding is based that is reviewable by the courts. Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467.

It is shown with reasonable certainty that his dizziness or blindness resulted from the nature of the work and formed a part of the train of causation of his accidentally falling and breaking his leg, which entitled him to adjusted compensation, notwithstanding he was feeling unwell during the day. Santacroce v. Sag Harbor Brick Works, supra; Barath v. Arnold Paint Co., supra.

In Fennah, Middling & G. Ry. Co. v. Ireland, 4 B. W. C. C. 440; Wright & Craig, Ltd., v. McKendry, 11 B. W. C. C. 402; Carroll v. What Cheer Stables Co., 38 R. I. 421, 96 A. 208, Ann. Cas. 1918B, 346; Case of Dow, 231 Mass. 348, 121 N. E. 19; Board of Commissioners of Greene County v. Shertzer, 73 Ind. App. 589, 127 N. E. 843, it was held that an accident occurring from a fall is deemed to arise out of the employment, although it was caused by something entirely unrelated to the employment, such as an epileptic fit or other seizure, or where the fall is not accounted for directly. It is an accepted rule by a majority of the courts that a physical seizure unrelated to the employment is not such an accident as is compensable, but a fall and injury resulting therefrom constitutes an accident arising out of the employment within the Workmen's Compensation Law. Some of the cases holding the contrary are Collins v. Brooklyn Union Gas Co., 171 App. Div. 381, 156 N. Y. 957; Minerly v. Kingsburg Construction Co., 191 App. Div. 618, 181 N. Y. S. 901; and Joseph v. United Kimona Co., 194 App. Div. 568, 185 N. Y. S. 700. It was stated in Mausert v. Albany Builders' Supply Co., 250 N. Y. 21, 164 N. E. 729, that "an apoplectic stroke or vertigo may be the proximate cause of the fall, but it is surely a remote cause of the injury. * * * A physical seizure unrelated to the employment is not such an accident as is compensable. * * * It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded

and the injury limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment. A teamster suffering from heart disease may sink upon a quantity of straw in the stable. He may be temporarily dazed and immediately recover, or he may die from cardiac syncope. Unless his disease was caused by his employment, his death does not arise out of his employment. Another teamster, suffering from the same disease in a form not sufficiently severe to cause him to do more than to slide from his seat to the pavement, breaks his bones or is killed. Then his injury arises out of his employment." It is not required of us in this case to go as far as either line of the cases, supra.

The evidence adequately shows that turning dizzy or blind, superinduced by overexertion arising from the performance of the work, hurriedly, of the employer, immediately preceding the injury, was the proximate cause of Barnhill's falling and breaking his leg, and arose out of his employment within the meaning of this phrase as it is used in the statute. This conclusion is not predicated on precedent alone. It is but a summation of the evidence, arrived at by the logic of common sense. There is a total absence of evidence showing that a pre-existing disease, if any he had, though possibly contributing to the cause of his falling, now affects in any way his broken leg, for which compensation was awarded him. If his leg had been previously injured, or was affected by a pre-existing disease, after it was injured by the fall, it then would have been the duty of the board to apportion the award according to the previous injury or pre-existing disease, and the injury sustained by the breaking of the leg.

Therefore the board, in making the award, was not required to make a separate finding and apportionment as to the pre-existing disease, if any, and the broken leg.

Perceiving no error, the judgment is affirmed.