**HARLAN COLLIERIES CO. v.
SHELL et al.**

**HARLAN COLLIERIES CO. v.
ATWOOD et al.**
Court of Appeals of Kentucky.
March 9, 1951.

Rehearing Denied June 15, 1951.

James Sampson and Edward G. Hill, Harlan, for appellant.

Doyle & Doyle, Harlan, W. R. Lav, Pineville, for appellees.

CLAY, Commissioner.

This is a Workmen's Compensation case. Walter Shell and Robert Atwood, employees of appellant, were killed in an accident, and their dependents were awarded compensation. The Board's award was confirmed by the Circuit Court.

The sole and significant issue is whether or not compensation is payable when an employee on his way home from work is injured or killed on the property of the employer, as the result of a defective condition of a vehicle, not furnished or controlled by the employer, in which he is being transported.

The accident occurred on a road constructed and maintained by appellant on its own premises. It extended from appellant's coal mine on a mountain to a public highway, and was used by employees and others having business with the Company. The two fatally injured workmen were riding in a truck owned and operated by one Paterson, who was not an employee of appellant. The truck ran off the road because of some mechanical defect in the steering gear.

Paterson made daily trips over this road transporting employees to and from the highway under an arrangement made with them through their union. He was paid a consideration by the men for this service. He was not paid by the employer, nor did the employer exercise any control over him or his truck. It was not necessary that the employees avail themselves of this means of transportation, as they could walk from work down the roadway, or use other pathways leading from the mine.

To be compensable under Kentucky law, an injury or death must be sustained or result from an accident "arising out of and in the course of * * * employment." KRS 342.005(1). As stated in A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, page 442, 61 S.W.2d 1, page 3: "The words 'arose out of' the employment as used in the statute refer to the cause of the accident, and the term 'in the course of the employment' to the time, place, and circumstances under which it occurred."

It is evident there must be some causal relationship between the accident and the employment. In January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117, the employee, a night watchman, while on duty was shot and killed by a man who had a private, personal animosity toward him. We denied compensation. The opinion states, page 708 of 231 Ky., page 119 of 22 S.W.2d: "The fundamental principle of liability, it seems to us, is that the injury sustained was such as in the light of experience might reasonably have been foreseen as a result of the service and nature of duties performed * * *, or the cause must have had its origin in a risk connected with the employment and the injury have flowed from that source as a rational consequence."

In Billiter, Miller & McClure v. Hickman, 247 Ky. 211, 56 S.W.2d 1003, an employee was killed when he fell off a vehicle on his way to work. At the time he was riding with the employer's foreman and was not far from the place he left off work the evening before. Compensation was denied on the ground that the employee was not acting in the "course of his employment."

In Draper v. Railway Accessories Co., 300 Ky. 597, 189 S.W.2d 934, the employee was struck by an engine on railroad tracks near the point where he was engaged in dismantling obsolete cars. He had quit his regular work, and was on the way home. He had a choice of two routes and had selected the one down the railroad. Even though it appeared the place of the accident was on the general premises where work was being performed by his employer, we held the accident did not arise out of the employment. It was said that even though the employee is on the employer's premises, this does not ipso facto fasten liability on the latter. The opinion quotes, at page 601 of 300 Ky., at page 937 of 189 S.W.2d, from Schneider's Workmen's Compensation Law, Vol. 6, Supp. p. 1264, as follows: " 'The basis of the "going and coming" rule, is that, though broadly speaking the injury is incidental to the employment, compensation under the Act is dependent upon the fact that the employee is engaged in some service growing out of his employment, and that an employee in merely coming to or going from his work is not rendering any such service. He is exposed to risk, not as an employee, but rather as a member of the general public and the Act is not intended to compensate for injuries resulting from such risks.' "

In A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1, the employee had been ill during his working hours on the job. After quitting time he started to his automobile, became dizzy, fell and broke his leg. The injury was held compensable on the ground that it was proximately caused by the employee's dizziness, which directly resulted from over-exertion in the performance of his work. The opinion states at page 442 of 249 Ky., at page 3 of 61 S.W.2d: "An employee on the master's premises, to begin, or to engage in, his work, or at the close of the day's work in leaving the premises, is, within the meaning of the compensation act, in the course of his employment. The going to and returning from work is not limited by the exact time he reaches the scene of his labor and begins work, or when he ceases it, but includes a reason-

able time, space, or opportunity, both before and after, while he is at or near his place of employment."

In Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S.W.2d 199, the employee was ruptured when he fell over a stone in a road maintained by the employer for its own convenience and that of its employees. In that case the opinion states the broad rule: that an injury is compensable if it occurs while an employee is going to or returning from his place of work along a road on the employer's premises, built and maintained for his use. We do not think that such a rule is generally accepted, and its full implications were not necessary to the decision. We will again refer to that case in this opinion.

Three cases from foreign jurisdictions should be noted. In Konopka v. Jackson County Road Commission, Appts., 270 Mich. 174, 258 N.W. 429, 97 A.L.R. 552, the employee was on his way to work in a truck owned by another employee. He was injured in a wreck. The Michigan Supreme Court held the injury compensable, apparently on the ground that there was an implied undertaking by the employer to provide the transportation, and that the safety or peril of the journey was within its control. The legal theory expressed in this opinion is perhaps sound, but it seems to us the Michigan Court had to stretch the facts very far to reach the theory.

In Petroleum Casualty Co. v. Green, Tex. Civ.App., 11 S.W.2d 388, the facts were quite similar to those at bar. The employee was injured on the employer's premises, immediately after he had quit work, when cranking an automobile in which he expected to ride home. The Texas Court held the injury compensable on the ground that all dangers and perils incident to the use of the employer's premises, in going to and from work in the customary manner, were in the "zone of employment," and were incident to and arose out of it. We do not see how the employer's premises entered the picture since the injury was not caused by their condition. To follow the logic of this opinion, if the employee was accidentally shot by a hunter on the employer's premises, while going to or from work, the injury would be compensable. It might be noted that the Texas statute is much more comprehensive than ours.

The Colorado Supreme Court reached an opposite conclusion in Industrial Commission of Colorado v. Enyeart, 81 Colo. 521, 522, 256 P. 314. An employee was injured on the premises of the employer while driving home from work with a fellow workman. The cause of the accident was the same defect in the automobile which we have in the present case. Under a statute similar to ours, the Colorado Supreme Court held the injury was not compensable. It was pointed out that the cause of the accident was a breakdown in the automobile, brought on the premises by the employee himself for his own purposes, with which the employer or the employment had no relationship.

While the courts in deciding the above cases emphasized particular factors, it seems to us that no one consideration is necessarily controlling. Whether or not the accident happens on the employer's premises, or he has control of the instrumentality causing the injury, or the employer benefits from the employee's off-duty activities, may or may not be significant.

Most of the cases involving the type of question we have here may be reconciled if we return to fundamentals and re-examine the purpose of Workmen's Compensation laws. Basically they are designed to indemnify the employee from financial loss resulting from *exposure to industrial hazards*. In this mechanized age, a fair legislative policy imposes on industry (and ultimately the public) the obligation to compensate those whose limbs and lives are endangered by the machine. Liability is not based upon negligence or fault of the employer, but the employee is in essence insured against losses arising from *the perils of his work*. See Schneider's Workmen's Compensation Law, 3d ed., Vol. 1, Section 5. As pointed out in Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S.W. 2d 543, 544, the compensation law covers *"an occupational injury"* and it must have some causative connection with *"something peculiar to the employment."* See also Cudahy Packing Co. of Nebraska v. Parra-

more, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532.

■ If we bear the above principle in mind, there is a sound basis for the general rule that injuries received in accidents which occur while the employee is on his way to or from work are not compensable. See W. T. Congleton Co. v. Bradley, 259 Ky. 127, 81 S.W.2d 912. The ordinary public, regardless of the type or place of employment, must go to and from work. Therefore, the perils encountered on the trip are not industrial or occupational hazards, nor are they peculiar to any particular type of employment. See note in 97 A.L.R. 555.

■ Where the employer furnishes the transportation, he thereby adopts a special means of bringing his employee to and from work, and it may be said the accompanying dangers are directly connected with the employment, and in a sense are peculiar to that particular industrial activity. Likewise, where the injury is caused by the condition of the employer's premises, while being properly used by the employee, we may say the hazard created is incident to the employment.

It is significant that under the circumstances just mentioned, the employer has it within his power to minimize the risks. Apparently this consideration has influenced decisions emphasizing the employer's "control" of the premises or instrumentalities which cause the injury. The question of dominion is not determinative to the extent that we could say its existence imposes liability and lack of it exonerates the employer. It is, however, a forceful factor in determining whether or not the cause of the injury was an occupational hazard created or maintained by him. Such consideration would have justified the decision in the case of Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S.W.2d 199, heretofore mentioned.

■ In the light of the foregoing analysis, the decision in this case becomes relatively simple. The deceased employees at the time of the accident were not performing any duties for the employer. They had quit work, left the immediate

"zone" of their employment, and were using a means of transportation of their own selection. The cause of the accident was a mechanical defect in the truck, not connected with their employment, nor brought about by the condition of the employer's premises. The peril on this trip was the same one which threatens any person riding in a motor vehicle, and neither the employer nor the occupation created or contributed to it. It follows that their deaths were in no way related to the hazards of their employment, and consequently could not be said to have arisen out of and in the course of it.

The judgments are reversed, with directions to remand the case to the Workmen's Compensation Board for dismissal of the applications for compensation.