**UNITED STATES STEEL COMPANY,**
Appellant,

v.

Louis ISBELL et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1955.

James Sampson, Edward G. Hill, Harlan, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

J. Leonard Davis, Harlan, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment approving an award of compensation to appellee, Louis Isbell. The United States Steel Company, appellee's employer, urges a reversal of the judgment, contending that Isbell's injury did not arise out of and in the course of his employment.

On the occasion he sustained his injury, Isbell rode to work in an automobile owned and driven by another employee of the company. The operator of the car entered the mining property and parked the car on a parking lot provided by the company. The ground was covered with snow. Isbell got out of the car and walked toward the bathhouse where the employees changed their clothes in preparation to enter the mine. He slipped and fell as he was walking down an embankment, causing a fracture of his right knee. It appears that the route taken by Isbell was a path which had been used by him and by other employees in going to and from their work, although there was available for their use a road built by the company from the parking lot to the bathhouse.

Apparently the Workmen's Compensation Board was of the opinion that Isbell had suffered an injury which was compensable under the rule set forth in the case of Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S.W.2d 199. However, we have recently re-examined our decisions with reference to this subject.

918

In Harlan-Wallins Coal Corp. v. Stewart, decided this day, Ky., 275 S.W.2d 912, we held that an injury occurring while the employee is on the employer's premises does not ipso facto fasten liability on the employer. The case was remanded to the Board with directions to enter an order dismissing the application for compensation because it was not shown that the injuries suffered by the employee had a causative connection with something peculiar to the employment. The facts in the case at bar are substantially the same as those appearing in the Stewart case. In view of that decision we must reverse the judgment for the reasons therein assigned.

The judgment is reversed, with directions that the case be remanded to the Workmen's Compensation Board for an entry of an order consistent with this opinion.

MILLIKEN and MONTGOMERY, JJ., dissent.

HOGG, J., not sitting.