448

**Willard BARKER, Appellant,**

v.

**EBLEN COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1955.

---

W. M. Melton, T. E. Moore, Jr., Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellees.

CULLEN, Commissioner.

Willard Barker, a mine foreman for the Eblen Coal Company, was injured when an automobile, in which he had ridden from the foot of the mountain to the mine entrance about a quarter of a mile up the mountain, went backwards over an embankment in the process of being parked. Barker's claim for workmen's compensation was denied by the Workmen's Compensation Board on the ground that the accident did not arise out of and in the course of employment. On appeal to the circuit court the board was upheld. Barker now is appealing from the judgment of the circuit court.

Barker resided in a company house at the foot of the mountain. He was called by the mine superintendent to serve an extra shift as foreman, in the mine up the mountain. His duties would commence at the mine entrance, about one-half hour before the miners started their shift. He had two ways of getting up the mountain; one by riding a mine cable car up an incline, and the other by walking or riding in a private automobile up a road maintained by the company.

As Barker left his house, a fellow employe came by in an automobile, and asked Barker if he would like a ride. Barker accepted, and they drove up the road. After reaching the top, the driver attempted to park the car, and in so doing the motor stalled. The car started to roll backward, and because of defective brakes the driver was unable to prevent it from rolling over an embankment.

The Workmen's Compensation Board found as a fact that the accident was due to the defective brakes on the car, and was not caused by any defect in the road.

The board, in denying compensation, relied upon Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923, in which the employe was injured when a truck, carrying him and other employes home after work, ran off a road on the employer's premises because of a defect in the steering gear.

We agree with the board that the Shell case is controlling. The only distinction is that here the accident occurred while the employe was going to work, while in the Shell case it occurred when the em-

ploye was going home after work. This distinction is immaterial.

In the consideration of the case of Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912, this Court thoroughly reviewed and reexamined the question of compensation for injuries received upon the employer's premises while going to or from work. As indicated in the opinion in the Stewart case, the majority of the Court adheres to the principle laid down in the Shell case, which is that in order to be compensable the accident must have some relation to an industrial hazard. See also United States Steel Co. v. Isbell, Ky., 275 S.W.2d 917.

The judgment is affirmed.