**HARLAN–WALLINS COAL CORPORATION, Appellant,**

v.

George **FOSTER** & Kentucky Workmen's Compensation Board, composed of Allen P. Cubbage, Paul E. Hayes and J. J. Tye, Appellees.

Court of Appeals of Kentucky.

March 25, 1955.

James Sampson, Edward G. Hill, Harlan, for appellant.

Doyle & Doyle, Harlan, for appellees.

**WADDILL, Commissioner.**

The appellee, George Foster, an employee of the appellant, Harlan-Wallins Coal Company, suffered an injury when he fell on an icy road while en route from the coal mine to the mine office to return a lamp he had used on his shift in the mine. The company concedes that the accident occurred on its property and that it had furnished Foster a mining lamp before he entered the mine which he was required to return when he had completed his shift in the mine. The Workmen's Compensation Board and the circuit court both held the injury compensable.

The question raised on this appeal is whether or not the accident sustained by the appellee arose out of and in the course of his employment, within the meaning of the Workmen's Compensation Act. KRS, Chapter 342.

■ To be compensable under Kentucky Law, an injury must be sustained or result from an accident "arising out of and in the course of employment." KRS 342.005(1). The words "arising out of" the employment as used in the statute refer to the cause of the accident, and the term "in the course of" the employment to the time, place and circumstances under which it occurred. A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1; Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524.

■ The appellant urges that appellee's injury did not arise out of and in the course of his employment, because "appellee fell as a result of snow and ice, which was a risk to which the public generally was subjected." The fallacy of this broad assertion is revealed by the rule governing cases of this character which was stated in Palmer v. Main, 209 Ky. 226, 272 S.W. 736, 738, as follows:

"'"* * * The fact that the risk may be common to all mankind does not disentitle a workman to compensation, if in the particular case it arise out of the employment." * * *. Where the risk is one shared by all men, whether in or out of employment, in order to show that the accident arose out of the employment it must be established that special exposure to it is involved. But when a workman is sent into the street on his master's business, whether it be occasionally or habitually, his employment necessarily involves exposure to the risks of the streets and injury from such a cause arises out of his employment. * * *.'"

Also, see: Harlan Collieries Co. v. Johnson, 308 Ky. 89, 212 S.W.2d 540; Nugent Sand Co. v. Hargesheimer, 254 Ky. 358, 71 S.W.2d 647; Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S.W.2d 543; January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117.

■ The difficulty usually encountered is in determining whether the facts of a particular case bring it within the adopted rule. However, in the instant case this problem is easy of solution, because the evidence shows that appellee was at the

place of his employment engaged in discharging a duty which he was required to perform at the time he sustained the injury. Thus it was because of the hazard incident to his duty as an employee and the *locus in quo* that he was exposed to injury. He was where he was required to be and would not have been injured but for his presence there. Under these circumstances we think the compensation board and the circuit court correctly held that appellee sustained an injury by an accident which arose out of and in the course of his employment within the meaning of our Compensation Act.

Although the amount in controversy does not require a written opinion, in this case we think one is necessary to distinguish it from Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912, and United States Steel Company v. Isbell, Ky., 275 S.W.2d 917.

In the Stewart case the compensation claimant fell on an ice-covered road as he was leaving his employer's premises after he had completed his day's work. In the Isbell case compensation was sought by Isbell for an injury he sustained, before he had reported to work, when he attempted to jump over an icy creek on his employer's premises. In both cases the claim for compensation benefits was asserted under the "going to or coming from work" rule, and we rejected these claims for compensation because it was not shown that the injuries suffered by the claimants had a causative connection with something peculiar to their employment.

The decisions in the Stewart and Isbell cases conform to our rule that injuries sustained from accidents occurring while the workman is en route to or from work are not compensable. W. T. Congleton Co. v. Bradley, 259 Ky. 127, 81 S.W.2d 912. In Palmer v. Main, 209 Ky. 226, 272 S.W. 736, it was held in effect that an injury sustained by a workman in using the streets going to or from his work would not fasten liability upon his employer unless the accident was shown to have been caused by a risk necessarily incidental to the performance of the servant's work. And in Draper v. Railway Accessories Company, 300 Ky. 597, 189 S.W.2d 934, we refused to approve compensation benefits to an employee who was injured on his employer's premises after his working hours, because the accident did not arise out of his employment. In that case it was said that even though the workman was on his employer's premises this did not *ipso facto* fasten liability on the master. We recognize that our refusal to approve awards of compensation in cases where the claim for compensation is based upon the "going to or coming from work" rule is out of harmony with the modern trend of liberalizing the interpretation of Workmen's Compensation Acts in favor of the workman. See, Larson's Workmen's Compensation Law, Chapter 4, pp. 194–220; and, Schneider's Workmen's Compensation Text, Volume 8, Section 1712, pp. 29–42. However, our Court as presently constituted has decided to adhere to our rule which was followed in the Stewart and Isbell cases.

We have attempted to make clear that in the Stewart and Isbell cases we refused to allow compensation benefits because the claimants relied solely upon the "going and coming" rule as a basis for their claim, while in the instant case the compensation claimant does not rely upon that rule. Appellee established that his injury "arose out of and in the course of his employment" by proving that his injury resulted from exposure to the perils of the work he was required to perform, and was performing for his employer at the time of his accident.

Judgment affirmed.

HOGG, J., not sitting.