CLEAR FORK COAL COMPANY, Appellant,

v.

Marshall ROBERTS et al., Appellees.

Court of Appeals of Kentucky.

May 6, 1955.

Rehearing Denied June 24, 1955.

James Sampson, Edward G. Hill, Harlan, for appellant.

Doyle B. Inman, Middlesboro, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment affirming an award of the Workmen's Compensation Board granting compensation to appellee, Marshall Roberts, for an injury he received in a truck wreck which occurred on a road on the property of his employer, the appellant, Clear Fork Coal Company. A reversal is urged on the ground that appellee was not injured by an accident arising out of and in the course of his employment. KRS 342.005(1).

Appellee had been in the employ of appellant for several years. At the time of his injury, he was employed as a coupler on a gathering motor which was operated inside the mine. Appellant maintained a bathhouse on its mining premises which was located approximately three-fourths of a mile from the mine tipple. On the morning of the accident, at about six o'clock, appellee went to the bathhouse to change his clothes and obtain his mining lamp that was being recharged by the appellant. There were other employees at the bathhouse at that time as it was their custom to change their clothing there before and after work and to obtain their mining equipment at that place.

To reach the tipple from the bathhouse it was necessary to travel a road which appellant maintained over its premises. After appellee had changed his clothes and had

checked out his mining lamp, he and a few other employees accepted a ride to the tipple in a truck owned and operated by another employee. While en route to the tipple, for some undisclosed reason, the truck ran off the road and as a result of the accident appellee suffered a fractured shoulder for which he is claiming compensation benefits.

Appellant insists that at the time of the accident appellee was not engaged in the performance of any duty which he was employed to perform, but had accepted a ride to the mine in a privately owned vehicle for his own personal convenience. Therefore, appellant maintains that appellee's injury did not result from the hazards of his employment and consequently could not have arisen out of and in the course of it.

Appellee asserts that his claim for compensation comes within the meaning of one arising out of and in the course of employment as it has been defined by this Court, under the preparation-for-work rule. He claims this rule includes any injury by accident while on the employer's premises prior to the performance of the actual service for which he was employed when the accident occurs during the commission of an act constituting an integral part of the preparation for the assumption of those duties. Appellee insists that in view of the evidence establishing that he was on his employer's premises and engaged in the performance of necessary duties—to change his clothing and obtain his lamp and to proceed over the customary route of travel from the bathhouse to another part of his employer's premises to undertake his specific duties as a coupler in the mines—he was engaged in an act constituting an integral part of the preparation for performing his tasks as a coupler, and an injury received while so engaged is compensable under the rule he seeks to invoke.

■ The facts bearing on the question here in controversy are not in dispute, thus the question is one of law, and, as such, is reviewable by this Court. Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S.W.2d 1043; Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S.W.2d 199; Wells Elkhorn

Coal Co. v. Vanhoose, 220 Ky. 381, 295 S.W. 464.

■ We shall consider the contentions of the parties and will examine the facts and make our conclusions to determine whether or not the two components of our statutory coverage formula—"arising out of" and "in the course of" employment—have been independently satisfied. The latter phrase, which we shall first consider, tests work—connection as to time, place and circumstances. Appellee established that his sole purpose in entering upon appellant's premises was to perform the duties of his employment. To accomplish his mission it was necessary for him to go to the bathhouse, change his clothes, obtain his lamp and proceed to the mine tipple located on another part of the mining premises. At the time he was proceeding to the tipple, his status with the appellant was that of an employee who was engaged in work-connected activity. The mere fact that appellee accepted a ride in a truck from the bathhouse to the tipple did not change the employer-employee relation between these parties, nor did it ipso facto disengage him from fulfilling a duty—traveling over the road to the tipple—that was incidental to his employment. Having concluded that appellee was in the course of employment within the meaning of our Compensation Act, we shall next consider whether or not appellee's injury arose out of the employment.

■ Our recent decisions have followed the "peculiar or increased risk" doctrine. Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912, and U. S. Steel Co. v. Isbell, Ky., 275 S.W.2d 917. Under this view an injury arises out of the employment only when it arises out of a hazard peculiar to or increased by that employment, and not common to people generally. We think the facts justify and support a finding that the appellee's injury was caused by a risk necessarily incidental to the performance of his work which satisfies our rule on this phase of the case. While we think it is true that appellee

accepted a ride to the tipple for his personal convenience; nevertheless, his employment caused him to be on the mining premises and his duties at the mine made it necessary that he get there. See, Honnold on Workmen's Compensation, Vol. 1, sec. 111. Therefore, it was shown that the injury arose out of the perils of his work. It is not our prerogative in this character of case to weigh the relative importance of the personal cause and an employment cause when they combine to cause harm, nor shall we look to primary and secondary causes; but our inquiry is whether the employment was a contributing factor. If it was, the concurrence of the personal cause will not defeat compensability. See, Larson's Workmen's Compensation Law, Vol. 1, Sec. 7.40, p. 50.

We are supported in the conclusions we have reached herein by several of our recent cases which involve the question under consideration. In Harlan Collieries Co. v. Johnson, 308 Ky. 89, 212 S.W.2d 540, the employee, while en route to his place of work inside his employer's coal mine, entered a building on the mining premises and obtained his mining lamp. While there, he mistook a bucket of acid for water, drank of it and his death resulted therefrom. This Court, in effect, held, in approving an award of compensation, that by procuring his lamp he was performing an act which was an integral part of the preparation to enter upon the service for which he was hired, and while his act of seeking water to quench his thirst was one of personal convenience which was only indirectly conducive to the purpose of employment, it was nevertheless essential and in the interest of the employer; therefore, it arose out of and in the course of the employment. And in Louisville & Jefferson County Air Board v. Riddle, 301 Ky. 100, 190 S.W.2d 1009, 1011, it was held that an injury received by a night custodian of an airfield who was struck by a privately owned automobile while he was attempting to cross a public highway to enter the airfield was compensable because he had inspected the lights surrounding the airfield

prior to his accident. In the course of the opinion it was said:

"The facts in each particular case must be examined to determine whether or not the relation of master and servant exists at the place and time of the injury. Turner, Day & Woolworth Handle Co. v. Pennington, 250 Ky. 433, 63 S.W.2d 490. In the instant case the Air Board maintained these obstacle lights on this pole line as a necessary adjunct to the Field, and the lights were as much a part of the Field and its equipment as if they had been located within its territorial limits. No one could doubt that had these poles and lights actually been located on the Field and Riddle had suffered an injury while walking on his employer's premises to inspect the lights to see if they were burning, he would be entitled to compensation. So, when as a practical matter the employer's premises are extended to include obstacle lights on the south side of the public road, it follows that the injuries to Riddle arose out of and in the course of his employment."

In Harlan-Wallins Coal Corporation v. Foster, Ky., 277 S.W.2d 14, we considered the question now raised under similar circumstances and affirmed the judgment confirming an award of the Workmen's Compensation Board. We see no substantial difference between the facts in the Foster case and the instant one. Foster was injured by falling on an icy road on his employer's premises while en route from the coal mine to the mine office to return a lamp he had used on his shift in the mine. We held that Foster had established his injury arose out of and in the course of his employment by proving his injury resulted from exposure to the perils of the work he was required to perform. We think the instant case is distinguishable from Barker v. Eblen Coal Company, Ky., 276 S.W.2d 448, because Barker failed to establish that his injury was work-connected, and, therefore, it did not arise out of the course of his employment.

Ordinarily courts approve awards of compensation in cases where the employee is injured while on some trip in behalf of his employer. Such was the situation here.

Judgment affirmed.