JOHNSON BROTHERS LUMBER COM-
PANY, Scottsville, Kentucky, et al.,
Appellants,

v.

Mabel HOOD, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

Rehearing Denied Feb. 5, 1960.

———◆———

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellants.

W. C. Edrington, Louisville, Frank R. Goad, Scottsville, for appellee.

BIRD, Judge.

Roy Hood parked his car on appellant's premises and began walking downgrade to a sawmill at which he planned to do some work. While walking to the mill his automobile was, in some unexplained manner, caused to roll down the grade. Hood was run down by the driverless car and killed.

The appellee, widow of Roy Hood, contends that the accident arose out of and in the course of his employment with appellant who was covered by the Workmen's Compensation Act. She sued for benefits under the Act. The Workmen's Compensation Board among other things held that the accident did not arise out of Hood's employment and denied her claim. The holding of the Board was reversed by the Allen Circuit Court and the employer now appeals to this Court.

Several questions have been thoroughly debated by brief but we find it necessary to make the single determination as to whether the accident arose out of and in the course of the employment as required by KRS 342.005.

The facts in this case are quite similar to those in Barker v. Eblen Coal Company, Ky., 276 S.W.2d 448, and we are persuaded that the holding there should govern here. The facts in the Barker case are as follows:

"Barker resided in a company house at the foot of the mountain. He was called by the mine superintendent to serve an extra shift as foreman, in the mine up the mountain. His duties would commence at the mine entrance, about one-half hour before the miners started their shift. He had two ways of getting up the mountain; one by riding a mine cable car up an incline, and the other by walking or riding in a private automobile up a road maintained by the company.

"As Barker left his house, a fellow employe came by in an automobile, and asked Barker if he would like a ride. Barker accepted, and they drove up the road. After reaching the top, the driver attempted to park the car, and in

so doing the motor stalled. The car started to roll backward, and because of defective brakes the driver was unable to prevent it from rolling over an embankment."

In that case it was held that Barker's accident did not arise out of and in the course of his employment. Though here we have a slight difference in fact there is no distinction in the principle of law involved. We therefore conclude that Hood's accident did not arise out of and in the course of his employment. See also Harlan Collieries Co. v. Shell, Ky., 239 S. W.2d 923; Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912; United States Steel Co. v. Isbell, Ky., 275 S.W.2d 917.

The judgment is therefore reversed with directions that the order of the Workmen's Compensation Board be affirmed.