**CHARLES R. LONG, JR., PAINT COMPANY, Appellant,**

v.

**Wallace STEWART et al., Appellees.**

Court of Appeals of Kentucky.

April 29, 1960.

Rehearing Denied June 24, 1960.

Norman A. Curtis, Louisville, for appellant.

W. C. Edrington, David L. Waterman, Louisville, for appellees.

MILLIKEN, Judge.

In this appeal from a judgment affirming an award of the Workmen's Compensation Board a preliminary conflict almost overshadows the main bout.

■ The claimant, Wallace Stewart, was found by the Board to be 50% permanently, partially disabled by an accident which resulted in a herniated nucleus pulposis. The accident occurred November 26, 1956. A referee of the Board had attributed the claimant's disability to an injury allegedly occurring April 15, 1957. The date of the origin of the disability is important because it determines which of two insurers of the employer, Long Paint Company, shall bear the loss. Fidelity & Casualty Insurance Company was the employer's insurance carrier until December 1, 1956, and after that Zurich Casualty Company bore the risk of loss. The claimant testified that his trouble started after a fall on the employer's premises on November 26, 1956, that he was not injured further on April 15, 1957, but simply could no longer do his work after the latter date. The foreman for the employer confirmed the claimant by testifying that the only accident to the claimant of which the employer received notice was the one of November 26, 1956, and three medical witnesses who examined or treated claimant had histories of injury on November 26, 1956, but no history of an injury on the later date. This clearly is sufficient evidence to sustain the finding of the Board on this issue, so it is not necessary for us to discuss any conflicting evidence or discrepancies, for it is not our province to weigh the evidence presented to the Board.

■ The evidence reveals that the claimant lost four work days immediately after November 26, 1956, and that he suffered pain in his back which gradually grew worse until he was forced to quit work on April 15, 1957. Three weeks later he entered Veterans Hospital, Louisville, where he was treated for a herniated disc and discharged in the following September.

Medical witnesses testified that he was unable to do heavy work henceforth, and there was medical testimony to the effect that the claimant is 50% permanently, partially disabled from doing heavy labor, the type of work the claimant was doing in the employment of the Long Paint Company. Thus again there is evidence of probative value to sustain the conclusion of the Board.

■ The employer has attempted to avoid liability on the ground that the claimant was leaving the premises of the employer on November 26, 1956, by a route he was not entitled to use and over an area over which the employer had relinquished control. There is no question but that the accident occurred on the premises of the employer when the claimant was leaving at the end of a day's work. The employer was having an addition to its plant constructed which was accessible through doors formerly leading to a loading platform. The loading platform had been removed and piles of sand covered the floor of the new enclosure. In stepping over the sand the claimant lost his balance, straining his knee, lower back and hip. The fact that the general contractor constructing the addition had control of the area for that purpose does not of itself absolve the employer from liability, for the employer still had general control of its premises. There was evidence that the claimant was not the only employee who left the premises through the new addition, but that many employees who used public buses found it more convenient to leave by that exit in preference to the exit used by those employees who had parked automobiles available for their trips home. Even two of the Company officials had used the exit used by the claimant.

In view of the fact that the passage used by Stewart was used by others and was adjacent to the area of his employment, we think the Board was justified in concluding that his injury arose out of and in the course of his employment. Wilson Berger Coal Company v. Brown, 223 Ky.

183, 3 S.W.2d 199; A. C. Lawrence Leather Company v. Barnhill, 249 Ky. 437, 61 S.W. 2d 1; Larson's Compensation Law, Vol. 1, p. 194. Here, the risk was not one to which the general public was exposed, Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912, U. S. Steel Company v. Isbell, Ky., 275 S.W.2d 917; nor was it caused by an instrument or agency not under the control of the employer, Harlan Collieries Company v. Shell, Ky., 239 S.W. 2d 923. Nor do we construe King v. Lexington Herald-Leader, Ky., 313 S.W.2d 423, as implying that an employer would not be liable in a case where one of its employees did not follow the usual route of ingress and egress to his place of work. In the case at bar there was sufficient evidence to show that the claimant's choice of an exit was not unusual.

The judgment is affirmed.