Jesse SMITH, Appellant,

v.

The KLARER COMPANY and Workmen's Compensation Board of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1966.

Rehearing Denied Sept. 22, 1966.

William G. Lehnig, Duncan & Lehnig, Louisville, Cyril Shadowen, Frankfort, for appellant.

Robert Matthews, Atty. Gen., for appellees.

Armer H. Mahan, Louisville, for The Klarer Co.

MILLIKEN, Judge.

This is an appeal from a judgment setting aside an award of the Workmen's Compensation Board for injuries received by the appellant-employee when she fell on a sidewalk in front of her employer's meat packing plant about 5:40 a. m. on January 30, 1961, while on her way to work in the plant.

The sidewalk was used by the general public, was owned and maintained by the employer whose trucks ran across it to a loading dock by the employees' entrance, and the employee-claimant, a fifty-five year old woman, Jesse Smith, fell at a defective place in the sidewalk where another employee had fallen. In fact, the north property line of the employer's property was located between the edge of the plant and the curb line but the line of demarcation was not visible on the sidewalk itself. The Board

found that it was conceded the sidewalk was on the Klarer property, and the claimant fell 240 feet east of the employees' entrance and about 2½ feet south of the survey line bisecting the sidewalk.

In an extensive, well-reasoned opinion granting compensation, the Board ruefully commented, "Again, we find ourselves confronted with this nebulous judicial creation —the coming and going rule whereunder the generalization has been made—that injuries sustained by employees on their way to or from work are not compensable," and then proceeded to discuss and attempt to distinguish and apply our case law to the facts. Impressed by the fact that the employees, as a class, necessarily used the sidewalk as a means of access to the employer's premises and their work, and that the sidewalk, including its defect, was in the control of the employer who had the power to correct any defects and thus reduce the hazard to its employees, the Board concluded there was "a risk exposure related to work, to route and to the dereliction of the employer for which compensation must be granted." One member of the Board dissented on the ground that the employer was not exercising any control over the employee at the time and place of her injury.

On appeal to the Circuit Court, the able trial judge set aside the Board's award, apparently with reluctance, after taking his turn at attempting to decipher from our many opinions what the Kentucky law was in this nebulous area. We are most sympathetic, for we too have recently canvassed the field and have adopted what is denominated the "operating premises" test declaring in Ratliff v. Epling, Jr., et al., Ky., 401 S.W.2d 43, decided March 25, 1966, that " * * * the 'operating premises' test is a fair one and most consistent with the trend of our decisions, and we hereby adopt it," and in that case we concluded that the place where the employee was killed (173 feet from the drift mouth of the mine) a considerable time after he had finished work and while delayed by the failure to start of the automobile in which he had arranged to ride home, was "within the 'operating premises' of the employer." We refer the reader to the Ratliff opinion for the extensive review and analysis of our case law in this field, but for the sake of conveniently supplying some conception of what is meant by "operating premises" we quote from that part of the Ratliff opinion which follows our rejection of the boundary line of the employer's property as the proper point to differentiate between liability and non-liability, where we said:

"The Pennsylvania courts have taken what appears to be a fairer and more practical view of what constitutes 'premises.' In Young v. Hamilton Watch Co., 158 Pa.Super. 448, 45 A.2d 261, a distinction was made between the 'premises' and the 'property' of the employer. It was held that where the injury did not occur on the 'operating premises' of the employer, compensation would be denied. The same general principle was followed in. Connecticut (Flodin v. Henry & Wright Mfg. Co., 131 Conn. 244, 38 A.2d 801) and Tennessee (Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386).

"The 'operating premises' concept is somewhat related to the idea expressed by this Court in Barker v. Eblen Coal Company, Ky., 276 S.W.2d 448, where the test applied was: 'work connected activity'. If we interpret 'work connected activity' as including 'work connected place', we really reach the concept of 'operating premises'. See Kentucky Law Journal, Cooper, 'Workmen's Compensation—The "Going and Coming" Rule and Its Exceptions in Kentucky', 47 Ky. L.J., pages 420, 424. (This might be considered a justifiable extension of the 'industrial hazard' theory.)

"The 'operating premises' principle appears implicit in the following cases: Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W.152, [13 A.L.R. 524]; Barres v. Watterson Hotel Co., 196 Ky.

100, 244 S.W. 308; Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S.W. 142; Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S.W.2d 199; Stearns Coal & Lumber Co. v. Smith, 231 Ky. 269, 21 S.W.2d 277; Black Mountain Corporation v. Vaughn, 280 Ky. 271, 132 S.W.2d 938; Clear Fork Coal Company v. Roberts, Ky., 279 S.W.2d 797; King v. Lexington Herald-Leader Co., Ky., 313 S.W.2d 423.

"The cases of United States Steel Co. v. Isbell, Ky., 275 S.W.2d 917, and Barker v. Eblen Coal Company, Ky., 276 S.W.2d 448, appear inconsistent with this concept.

"Two cases involving injuries on a parking lot seem directly in conflict. Compensation was allowed in A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1, and denied in Bickel v. Ford Motor Company, Ky., 370 S.W.2d 193. In the Pennsylvania case we have above cited (Young v. Hamilton Watch Co., 158 Pa.Super. 448, 45 A.2d 261) it was held that a parking lot (located on the property of the employer, though not contiguous with the work area) was *not* a part of the 'operating premises'. Since we reached the same conclusion in the Ford Motor Company case, Barnhill in effect has been overruled."

◼ It is apparent that whatever language is used in articulating a test, it cannot be so incisive and decisive as to assure a sort of mental automation on the part of the Board or the courts, or by able counsel. The property line as a decisive factor for determining liability lends itself to harsh results. We are inclined to believe the reasoning of the Board brings the facts of this case within the purview of the "operating premises" concept because the employees, more than other segments of the public, necessarily had to use the sidewalk or part of it to personally gain access to the place of their work, and the sidewalk was in the control of the employer, thus making a fall upon it a risk peculiar to the employment. We think this view properly conforms to the

statutory admonition that the Workmen's Compensation law be liberally construed on matters of law. KRS 342.004; Brewer v. Millich (1955), Ky., 276 S.W.2d 12, at page 15.

The judgment is reversed.

Rehearing denied.

STEWART and MONTGOMERY, JJ., dissenting.