**BLUE DIAMOND COAL COMPANY, Appellant,**

v.

**Dorsie WALTERS et al., Appellees.**

Court of Appeals of Kentucky.

March 2, 1956.

J. W. Craft, Jr., Hazard, for appellant.

Elbert Strong, M. B. Fields, Hazard, for appellees.

SIMS, Judge.

This is an appeal from a judgment of the Perry Circuit Court sustaining the Workmen's Compensation Board's award of $27 per week to appellee, Dorsie Walters, for a period not to exceed ten years, nor to exceed $11,500, for total permanent disability. There is no contrariety in the facts and the only question raised in briefs is whether or not Walters' injuries arose out of and were received in the course of his employment. KRS 342.001 et seq.

The accident happened early in the afternoon of August 20, 1954. Appellee was a yard brakeman on appellant's motor train in its switchyard outside its mine. A hard rain came up, the motorman stopped the train and appellee, who was in his shirt sleeves, ran in a bent over position for 35 to 40 feet to appellant's warehouse "to get a piece of dynamite paper—that comes around dynamite—a waxed paper, I had been using that through these rain showers over my shoulders for a raincoat. * * " The warehouse was a low, open building

with an iron beam under the roof about four and a half or five feet from the ground. Appellee did not stoop low enough and his head hit the iron beam which caused his total permanent disability.

It is the contention of appellant that at the time appellee was injured he was doing nothing he was directed or employed to do, but was getting some waxed paper for his own comfort to protect him from the rain; therefore, he had departed from his master's employment and this break in his employment prevents the accident from "arising out of and in the course of his employment," citing such cases as Meem-Haskins Coal Corp. v. Bach, 278 Ky. 535, 128 S.W.2d 913; Harbison-Walker Refractories Co. v. Brown, 296 Ky. 629, 178 S.W.2d 39; A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1.

Without taking the time and space necessary to analyze these cases, and the many authorities they cite, it will suffice to say the facts in the instant case distinguish it from the Bach and Brown cases. The injured employee in each of them at the time of the accident had ceased work for the day and was not engaged in his master's business but in an independent enterprise of his own, hence neither injury arose out of nor was it received in the course of his employment. In the Barnhill case an employee's dizziness was caused by the character of work he had been doing. After finishing his work and while borrowing a crank to start his car in leaving his employer's premises to go home, he became dizzy and fell. We held this injury was received in the course of his employment. Really, the Barnhill opinion is authority for appellee rather than for appellant.

Appellees insist that at the time of the accident Walters had not abandoned or left his job but had departed from it only for a minute to run to the warehouse to get the waxed paper to protect himself from the rain and so he might continue his work in the rain. His position is sound. There is no break in a man's employment merely because he leaves his work momentarily and runs a short dis-

tance on his employer's premises to get out of the train or to get a garment to protect himself from the rain so that he may work more comfortably and efficiently. In Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, at page 159, 13 A.L.R. 524, where compensation was allowed in the case of an employee killed by an electric wire in the washroom while he was preparing to go home after work, this court said:

> " 'Injuries may arise out of the employment, although sustained while performing acts essential to the personal comfort and convenience of the employé, as where the employé is injured while going to or from a toilet, or while preparing to begin or leave off work, or in satisfying his thirst, or in obtaining shelter from a storm.' "

Numerous authorities are referred to in the Hollenbach opinion which has been cited in many opinions on this point, and as late as Harlan Collieries Co. v. Johnson, 308 Ky. 89, 212 S.W.2d 540, at page 543. Also see 58 Am.Jur., "Workmen's Compensation", § 275, p. 774.

In Codell Const. Co. v. Neal, 258 Ky. 603, 80 S.W.2d 530, a nightwatchman was burned to death on his employer's premises when he entered a shack for the purpose of warming himself during his regular working hours. In upholding an order of the Board allowing compensation we said, 80 S.W.2d on page 532:

> "It is a firmly established rule that acts necessary to the comfort and convenience of the employee while at work, though strictly personal to himself and not acts of service, are incidental to the service, and injuries sustained in the performance of such acts are deemed to have arisen out of the employment."

It is our opinion that appellee's injury arose out of and was received in the course of his employment, therefore the judgment is affirmed.