RENDERED:  FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1301-WC

THOMPSON CATERING & SPECIAL
EVENTS                                                                          APPELLANT


                                  PETITION FOR REVIEW OF A DECISION
v.                          OF THE WORKERS' COMPENSATION BOARD
                                        ACTION NO. WC-14-88084


KIMMINEE COSTELLO;
HONORABLE JOHN
H. McCRACKEN, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                              APPELLEES


                                             OPINION
                                            AFFIRMING

                                         ** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE,
JUDGES.

EASTON, JUDGE:  This workers' compensation case presents a question about

whether a traveling employee ("Costello") was engaged in a significant departure

from the purpose of a work-related trip and a distinct departure on a personal

errand when she was injured.  Concluding that Costello's injury was sustained

while Costello was still in the course and scope of her employment, we affirm the Workers' Compensation Board ("Board").

## FACTUAL AND PROCEDURAL BACKGROUND

Costello was employed by Thompson Catering & Special Events ("Thompson Catering"). Thompson Catering sent Costello to Las Vegas to attend a conference and paid for Costello's stay at the Paris Hotel in Las Vegas. After the conference was over, Costello prepared to travel home. She packed her bags and checked out of the hotel. Costello had time to kill before she headed to the airport. She left her bags with the hotel bellman.

Costello had not had an opportunity during the conference to shop for souvenirs for family members. She planned to leave the hotel for this purpose. Before she left the hotel premises, Costello fell on some steps severely injuring her ankle. This injury would require multiple surgeries. Hundreds of pages of medical records make up the bulk of the record in this case.

Costello claimed workers' compensation benefits. Thompson Catering responded that Costello was on a personal errand when injured and so was not entitled to workers' compensation coverage. Honorable John Hampton McCracken ("ALJ") presided over the hearing on the claim and ultimately concluded that Costello was on a personal errand at the time of her fall and so not entitled to coverage. The Board reversed the ALJ. This appeal follows.

STANDARD OF REVIEW

In workers' compensation cases, the ALJ is the finder of facts. In deciding facts, the ALJ has sole discretion in the evaluation of the evidence. *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018). Factual findings cannot be set aside unless shown to be clearly erroneous. A finding is not clearly erroneous if supported by substantial evidence. *Lexington Fayette Urb. Cnty. Gov't v. Gosper*, 671 S.W.3d 184, 199 (Ky. 2023).

Costello had the burden of proof. When the ALJ rules against the party having the burden of proof, that party must "show that the ALJ misapplied the law or that the evidence in her favor was so overwhelming that it compelled a favorable finding." *Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005) (citations omitted). We then look at whether the ALJ and subsequently the Board correctly applied the law to the facts found. This review is *de novo*. *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 874 (Ky. App. 2008).

Thompson Catering asserts the sole issue presented in this appeal – whether Costello was engaged in a significant departure from the purpose of her work-related trip and a personal errand when she was injured – is a factual finding by the ALJ subject to the "clearly erroneous" standard. Under the circumstances presented, Thompson Catering is incorrect. The relevant underlying facts are not in dispute and the sole issue on appeal is the legal significance of those facts under

Kentucky Revised Statutes ("KRS") Chapter 342; as such, we apply the *de novo* standard. *See General Elec. Co. v. Cain*, 236 S.W.3d 579, 589 (Ky. 2007).

ANALYSIS

As stated, the facts of what happened and where are undisputed. Costello attended a conference in Las Vegas for Thompson Catering. She stayed at the Paris Hotel, which was paid for by Thompson Catering. The conference was over, and Costello was waiting to go home. Before going to the airport for her flight home, Costello left her bags with the hotel bellman and started to leave the hotel to go shopping for souvenirs. She was not planning to shop on behalf of her employer. She fell on some steps while exiting the Paris Hotel and received a settlement from that property owner resulting from the fall. (Hearing Transcript, Record at Pages 543-544, and 572-573.)

We want to be sure to distinguish some common rules applicable in workers' compensation cases from those rules which are dispositive of this case. Generally, injuries occurring when an employee is coming or going from his usual place of employment are not covered. *Receveur Const. Co./Realm Inc. v. Rogers*, 958 S.W.2d 18, 20 (Ky. 2018). An exception exists for travel to and from the usual work site when the travel serves a purpose for the employer, such as when a home health care provider travels to and from a place of employment to provide

-4-

service at the homes of the customers of the employer. *Olsten-Kimberly Quality Care v. Parr*, 965 S.W.2d 155 (Ky. 1998).

This case involves a different doctrine, the traveling employee doctrine, which alters the application of the coming or going rule:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.

*Black v. Tichenor*, 396 S.W.2d 794, 797 (Ky. 1965) (citations omitted).

The traveling employee doctrine is based on the positional risk doctrine. *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456 (Ky. 2012). When an employer sends an employee to some other location as part of the job, the risks of injury to the employee are different. The employee will not be as familiar with the roads traveled or layout of the place where they are staying as compared with the employer's usual work location and the employee's own residence. For example, Costello would not be as aware of the location and types of steps she may have to navigate at the Paris Hotel in Las Vegas.

In *Gaines*, *supra*, the Court declared: "an injury that occurs while the employee is in travel status to be work-related unless the worker was engaged in a

significant departure from the purpose of the trip." *Id.* at 462. From these authorities, we see that Costello was a traveling employee and was entitled to coverage for injuries occurring while she was in this travel status, unless she had made a distinct departure on a personal errand, and this departure must be significant.

Relative to what does *not* qualify as a significant, distinct departure on a personal errand, we find a measure of guidance in *Meredith v. Jefferson County Property Valuation Administrator*, 19 S.W.3d 106 (Ky. 2000). There, a government employee was required to travel to banks to perform his employment duties. He showed up early to one appointment, had some time to kill, and left the premises to get a cup of coffee. He then fell at the place where he got the coffee and was injured.

The Court in *Meredith* applied the doctrine of comfort and convenience, which applies to all employees. For example, if an employee went to a bathroom during work or to get a coat to keep warm while working, attending to such personal concerns does not interrupt their working status. For traveling employees, we see an indication of this doctrine in *Black*, *supra*. Employees working away from home have to eat and sleep somewhere, and they are covered while doing so.

So, the question in *Meredith* was whether the employee was on a personal errand outside of his work status when getting a cup of coffee. The employee was on a "hiatus" while on the job. Quoting a well-respected authority on workers' compensation law, the Court concluded that the trip to get a cup of coffee did not take the employee out of the employment status at the time of his injury noting: "a certain amount of wandering around and even undertaking what otherwise might seem to be distinctly personal activities has been permitted in a number of jurisdictions unless there was evidence that the worker's duties required him to remain in a particular place." *Id*. at 108-09 (internal quotation marks omitted). The deviation from work was "so small that it may be disregarded as insubstantial." *Id*. at 108.

To be sure, *Meredith* indicates that getting a cup of coffee at a nearby restaurant while on a "hiatus" does not qualify as engaging in a significant departure from the purpose of a work-related trip. It says nothing about shopping for souvenirs and, strictly speaking, there is a dearth of Kentucky law indicating how that type of personal errand would be treated for purposes of applying the traveling employee doctrine. But logically, if *successfully* leaving the location where your employment has placed you can be considered an insubstantial deviation under the traveling employee doctrine, then an *unsuccessful* attempt to leave that same location, regardless of the reason, would also qualify. That was the

thrust of why the Board reversed the ALJ. Absent any clear Kentucky law supporting a contrary conclusion – and we have found none – the Board's interpretation of its statutory mandate in this respect is also to be accorded a level of deference. *See Kentucky Associated Gen. Contractors Self-Ins. Fund v. Lowther*, 330 S.W.3d 456, 460 (Ky. 2010). Even without that deference, we reach the same conclusion.

Moreover, the Board's interpretation is consistent with other persuasive authority. To that point, Oregon – which applies the same standard as Kentucky for the traveling employee – focuses on the nature of the activity *at the time of injury*. *See Sosnoski v. SAIF Corp.*, 184 Or. App. 88, 55 P.3d 533, 537 (2002). "If the activity at the time of the injury is an activity that the employer could reasonably anticipate or expect of a traveling employee, then the activity is reasonably related to the employee's status as a traveling employee and is not a departure." *Id*. Minnesota courts have similarly explained that no significant departure occurs when a traveling employee engages in activities "which may normally be expected of a traveling employee as opposed to those which are clearly unanticipated, unforeseeable and extraordinary." *Voight v. Rettinger Transportation, Inc.*, 306 N.W.2d 133, 138 (Minn. 1981) (footnote omitted). And the Maryland Court of Appeals, summarizing cases from around the county, has

recognized this as the majority view. *See Gravette v. Visual Aids Elecs.*, 216 Md. App. 686, 90 A.3d 483, 498 (2014).

When we apply the majority view to this case, Costello was on a hiatus as she waited to come home. Even if it could be considered unexpected that a traveling employee in a tourist location like Las Vegas would shop for souvenirs in or near her hotel while waiting to come home, it could *not* be considered unexpected that Costello would attempt to exit the hotel where her employer had placed her and utilize the stairs while doing so. It would have been a different analysis had Costello broken her ankle because she left the Paris Hotel, took an extra day side-trip to another location, and went skydiving before returning to Las Vegas to catch her flight. But in the facts of this case, Costello was not engaged in a distinct and significant departure from the work-related purpose of the trip.

This application of the majority rule is consistent with the well-established purpose for Kentucky's workers' compensation laws. "The primary purpose of the Workers' Compensation Act is to aid injured or deceased workers and statutes are to be interpreted in a manner that is consistent with their beneficent purpose." *Kindred Healthcare v. Harper*, 642 S.W.3d 672, 679 (Ky. 2022) (internal quotation marks and citations omitted). Furthermore, assuming the majority rule does not apply to these facts, there is an alternative reason to affirm the Board. Even in cases of distinct and significant departures for personal

errands, courts have acknowledged that the traveling employee status returns after the errand is completed. *See, e.g.*, *Phillips Contracting, Inc. v. Hirst*, 905 P.2d 9, 12 (Col. App. 1995). By the same logic, if the errand never began, the status never left. *See* 2 LEX K. LARSON, THOMAS A. ROBINSON, LARSON WORKERS' COMPENSATION LAW § 17.02[2] (2023).

Costello intended to shop for souvenirs, but she did not make it off the property of the Paris Hotel. She fell there before making a distinct departure for the shopping errand. And, while an employer might argue that an employee should not be expected to run a shopping errand to get souvenirs while waiting to travel home, it is certainly not unreasonable to expect coverage for an injury an employee sustained while attempting to exit the hotel where the employer had the employee stay on a work-related trip.

## CONCLUSION

The Board correctly applied the law to the facts found by the ALJ in this case. Costello was still in the course and scope of her employment as a traveling employee when she fell at her hotel on her way to shop for souvenirs before her return trip home. The Board is AFFIRMED.


ALL CONCUR.

-10-

BRIEF FOR APPELLANT:

Joseph C. Klausing
Brian W. Davidson
Louisville, Kentucky

BRIEF FOR APPELLEE KIMMINEE
COSTELLO:

William E. Brown, II
Lexington, Kentucky