RENDERED: OCTOBER 24, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0147-WC

THOMPSON CATERING & SPECIAL EVENTS        APPELLANT

V.
      ON APPEAL FROM COURT OF APPEALS
        NO. 2023-CA-1301
      WORKERS' COMPENSATION NO. WC-14-88084

KIMMINEE COSTELLO; HONORABLE        APPELLEES
JOHN HAMPTON MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>AFFIRMING</u>**

Thompson Catering & Special Events appeals from a decision of the Kentucky Court of Appeals affirming an opinion of the Workers' Compensation Board, which, in turn, had reversed the opinion and order of an administrative law judge (ALJ) dismissing the claim of Kimminee Costello for income and medical benefits upon a finding that at the time of her right ankle injury she had significantly deviated from the course and scope of her employment as a traveling employee, resulting in her injury being neither work-related nor compensable. Having carefully reviewed the briefs, the record, and the law, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Costello was employed by Thompson Catering as an event manager. She also worked in sales. While working for Thompson Catering, Costello traveled to Las Vegas, Nevada, to attend a conference. Thompson Catering paid for the entire trip including Costello's lodging at the Paris Las Vegas Hotel & Casino, the same location where the conference was held. After the conference concluded on March 27, 2014, Costello had some spare time before departing the hotel for her return flight to Kentucky. She left her luggage with the hotel bellman and headed outside for a few minutes to shop for souvenirs for her nieces and nephews. While descending stairs leading out of the hotel, Costello tripped and fell, injuring her right ankle. She was immediately taken to the emergency room. The injury required four subsequent surgeries.

Costello was physically unable to return to her normal activities as an event manager but returned to work at Thompson Catering for a brief time as a receptionist. She left her employment when her regular position was filled due to extended absences and limitations secondary to surgical intervention and ongoing medical treatment on her ankle. Thompson Catering voluntarily paid Costello $149,419.03 in medical benefits and $30,324.92 in temporary total disability (TTD) benefits. She also received a settlement of $15,000.00 from the Paris Hotel.

Costello filed her Form 101 claim for workers' compensation benefits on August 30, 2019. Following the submission of proof, the ALJ conducted a benefit review conference during which the parties preserved numerous

2

contested issues, particularly whether Costello's injury had been caused by a work-related incident occurring in the course and scope of her employment.

After the final hearing, the ALJ entered an opinion and order which determined Costello's injury was not work-related and dismissed her claim. Specifically, based on Costello's testimony, the ALJ found at the time of injury "she was engaged in a distinct personal errand that deviated from the course and scope of her work for Thompson Catering" and "served no business interest" of her employer. The ALJ concluded the personal shopping errand represented a distinct and substantial deviation from the course and scope of Costello's employment with Thompson Catering, thereby removing it from the parameters of the traveling employee exception to the going and coming rule. Costello filed a petition for reconsideration, which the ALJ denied.

The Board reversed the opinion and order of the ALJ and remanded for additional findings on the issues of medical benefits and indemnity. The Court of Appeals affirmed the opinion of the Board. This appeal followed.

## ANALYSIS

### 1. Proper Standard of Review is De Novo.

Thompson Catering first argues this Court should review the ALJ's determination of work-relatedness under the deferential "clearly erroneous" standard rather than the de novo standard employed by the Board and Court of Appeals. We disagree.

The standard of review in workers' compensation matters is well-established. An injured worker "bears the burden of proof and the risk of

3

nonpersuasion before the fact-finder with regard to every element of a workers' compensation claim." *Lexington Fayette Urban Cnty Gov't v. Gosper*, 671 S.W.3d 184, 198 (Ky. 2023). The ALJ functions "the same as a trial court trying the case without a jury." *Id.* (quoting *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992)).

As the finder of fact, the ALJ, "and not the reviewing court, has the authority to determine the quality, character and substance of the evidence presented." *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). "Moreover, an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." *Gosper*, 671 S.W.3d at 198 (quoting *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)).

We will not disturb the ALJ's findings of fact unless they are clearly erroneous, but this Court is bound by neither the ALJ's decisions on questions of law nor the ALJ's interpretation and application of the law to the facts. *Id.* at 199. On such matters, our review proceeds under the de novo standard. *Id.*

If the ALJ finds against the party who bears the burden of proof, the claimant must "show that the ALJ misapplied the law or that the evidence in her favor was so overwhelming that it compelled a favorable finding." *Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005). The preliminary question in determining the applicability of the Workers' Compensation Act to a claim is whether the injury at issue was work-related. The determination of work-

4

related causation is generally an issue of fact. *Gosper*, 671 S.W.3d at 202; *Milby v. Wright*, 952 S.W.2d 202, 205 (Ky. 1997).

Similarly, "the determinations of whether [a worker] was a traveling employee or was performing a service to the employer are both issues of fact." *Dee Whitaker Concrete v. Ellison*, 641 S.W.3d 142, 146 (Ky. 2022). However, when the controlling facts are undisputed, the issue of whether an "injury was work-related is essentially a question of law." *Jackson v. Cowden Mfg. Co.*, 578 S.W.2d 259, 265 (Ky. App. 1978); *Turner Day & Woolworth Handle Co. v. Pennington*, 250 Ky. 433, 63 S.W.2d 490, 492 (1933).

Here, the evidence pertinent to the threshold issue of whether the injury was work-related is undisputed. It is the applicability and legal significance of those undisputed facts relative to Kentucky's traveling employee exception to the going and coming rule, rather, which must be resolved. *See Turner Day*, 63 S.W.2d at 492. Such a conundrum is a question of law. Accordingly, our review must properly be conducted under the de novo standard.

### 2. ALJ Misapplied the Traveling Employee Exception.

Thompson Catering argues the ALJ correctly applied the traveling employee exception and that the Board and Court of Appeals improperly expanded the exception through reliance on authority from foreign jurisdictions. Without resort to foreign authority, we hold the ALJ misapplied the traveling employee exception under existing Kentucky law.

The sole issue presented is whether Costello's injury was work-related. KRS 342.0011(1) defines a compensable "injury" as one "arising out of and in

5

the course of employment[.]" The phrase "arising out of" employment relates "to the cause or source of the accident" while the phrase "in the course of employment" refers to the time, place, and circumstances of the accident. *Masonic Widows and Orphans Home v. Lewis*, 330 S.W.2d 103, 104 (Ky. 1959). Injuries "arising out of" employment are traceable "to the nature of the employee's work or to the risks to which the employer's business exposes the employee." *Stasel v. Am. Radiator & Standard Sanitary Corp.*, 278 S.W.2d 721, 723 (Ky. 1955) (citation omitted).

It is axiomatic that the protection of "[w]orkers' compensation legislation was not intended to protect workers against the risks of the street" over which the employer exercises no control. *Pierson v. Lexington Pub. Libr.*, 987 S.W.2d 316, 318 (Ky. 1999); *Hayes v. Gibson Hart Co.*, 789 S.W.2d 775, 776 (Ky. 1990). Under the going and coming rule, "injuries which occur while an employee is on the way to or from the worksite are not compensable." *Pierson*, 987 S.W.2d at 318. The general going and coming rule is not inflexible, however, and we have recognized several exceptions, including the traveling employee exception, which serve to temper its application.

The traveling employee exception to the going and coming rule derives from the positional risk doctrine. *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 462 (Ky. 2012). Under the positional risk doctrine, the law deems injuries to be work-related when the scope and course of employment has placed a worker in what turns out to be a dangerous situation. *Id.* at n.14 (citing *Corken v. Corken Steel Prods, Inc.*, 385 S.W.2d 949

6

(Ky. 1964)). The traveling employee exception is founded upon a legal distinction drawn between going to and from a work site located away from one's regular place of employment and merely going to and from one's home to one's usual place of employment. *Black v. Tichenor*, 396 S.W.2d 794, 799 (Ky. 1965). The exception applies in cases where a worker's employment requires travel away from one's regular worksite, and it "considers an injury that occurs while the employee is in travel status to be work-related unless the worker was engaged in a significant departure from the purpose of the trip." *Gaines Gentry*, 366 S.W.3d at 462.

> In *Black*, our predecessor Court further detailed the contours of the rule:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.

396 S.W.2d at 799 (quoting 1 Arthur Larson, *Larson's Workmen's Compensation Law* § 25.00). In determining the significance of a departure, "[i]t may be stated generally that the deviation should be substantial, or to put it another way, 'minor interludes are immaterial.'" *Ratliff v. Epling*, 401 S.W.2d 43, 45 (Ky. 1966).

To properly draw the line dividing a compensable "minor interlude" from a non-compensable significant departure, courts must undertake an intensely fact-specific inquiry which precludes the establishment of a bright-line rule. Confronting this inherent difficulty, we have held "that in determining whether

the injury was work-related 'no single factor should be given conclusive weight.'" *Hayes*, 789 S.W.2d at 777 (quoting *Jackson*, 578 S.W.2d at 262; *see also* 2 Lex K. Larson, *Larson's Workers' Compensation La*w § 25.03[1] (Matthew Bender, Rev. Ed. 2024) ("Variations in the factual patterns of the [traveling employee] cases can make a substantial difference in the outcome."). In *Jackson*, the Court of Appeals aptly observed

> [t]he circumstances of each particular case must be examined to determine what facts exist to connect the injury to the employment. The employer's liability to provide compensation for the injury must be based upon the quantum of aggregate facts rather than the existence or nonexistence of any particular factor.

*Jackson*, 578 S.W.2d at 262. This reasoning applies with the equal weight to the present appeal because "the relative contribution of personal cause and employment cause [is] not dispositive to compensability of the injury." 1 Norman E. Harned, *Kentucky Workers' Compensation* § 11.12 (Matthew Bender, Rev. Ed. 2023). Thus, individual aspects of the fact-pattern such as the duration, nature, and location of the personal activity at the time of the injury may be more or less salient depending on the overall circumstances of the particular case.

Thompson Catering vigorously argues the ALJ properly determined that Costello's personal errand constituted a substantial departure from the course of her employment because the brief shopping jaunt was undertaken to benefit her nieces and nephews as opposed to her own needs for comfort and convenience. While Costello's shopping errand may not qualify as a personal necessity, this fact alone does not foreclose application of the traveling

8

employee exception. *Mason-Waller Motor Co. v. Holeman*, 284 Ky. 374, 144 S.W.2d 796, 798 (1940) (holding injury sustained during personal social activity incident to work-related travel is compensable unless the business purpose has been completed or abandoned); *see also Ratliff*, 401 S.W.2d at 46 (citing *Larson's* reference to "buying a toy during spare time to take home to a child" as a non-binding example of an insubstantial deviation from the course of one's employment). In other words, although deviations for the purpose of attending personal necessities and comfort such as eating, drinking, and sleeping are invariably deemed to be compensable, the umbrella of the traveling employee exception is broad enough to encompass other nonessential personal activities if the scope of employee's departure from the course of employment remains insubstantial, inconsequential, or trivial. Thus, the subjective motive of the personal departure is but a single factor to be considered relative to the totality of the surrounding circumstances.

In applying the traveling employee exception, courts must remain cognizant of the reality that human beings are not automatons who must run "on tracks like trolley cars" at the peril of abandoning the protections of the Workers' Compensation Act. 2 *Larson's*, § 17.06[3]. Indeed, employees are generally permitted reasonable leeway during periods of enforced hiatus or "lull-in-the-work" that extends not only to personal comfort "but also a certain amount of wandering around and even undertaking what otherwise might seem to be distinctly personal activities." *Id.* § 21.07[4]; § 25.05[3]. For example, we have previously applied the enforced hiatus rationale in tandem with the

9

personal comfort doctrine to establish compensability where a traveling employee was injured on a coffee break at a restaurant while waiting for a scheduled appointment to begin. *Meredith v. Jefferson Cnty. Prop. Valuation Adm'r*, 19 S.W.3d 106, 110 (Ky. 2000).

By placing inordinate emphasis on the subjective purpose of Costello's personal mission to the exclusion of other relevant factors, particularly the brevity of the deviation and the fact the injury occurred during a period of enforced hiatus, we are convinced the ALJ misapplied the traveling employee exception as a matter of law. In the first instance, Costello's uncontested testimony was that her personal shopping excursion was meant to last "for a few minutes." Beyond her subjective intention, however, the actual duration of the deviation was even less than a few minutes because Costello was injured as she exited the premises of the hotel, and the objective of her personal mission was never fulfilled. *See Dee Whitaker Concrete*, 641 S.W.3d at 146 ("Additionally, the fact that the employees intended to stop at a restaurant for lunch does not constitute a distinct departure because the restaurant was on their route home, and they never made it to the restaurant.").

In the second instance, at the time of her injury, Costello was essentially in a period of enforced hiatus while awaiting timely departure from the hotel for her return flight to Kentucky after the conclusion of the conference. There is no indication in the present record that Costello ruptured the course of her employment by deliberately delaying her departure to pursue extended

10

personal amusements, and "[t]here was no evidence that claimant's employer restricted [her] activities during such periods[.]" *Meredith*, 19 S.W.3d at 110.

Further, the record is bereft of any evidence to suggest Costello "took an unreasonable route" exposing herself to "abnormally hazardous conditions" when she undertook her momentary detour to shop for family souvenirs following an intensive weeklong convention in an exotic locale far from home. *U.S. Bank Home Mortg. v. Schrecker*, 455 S.W.3d 382, 384-85 (Ky. 2014). In *Schrecker*, coverage was denied to an injured employee under the personal comfort doctrine when she permissibly left her fixed place of employment during an "enforced hiatus" to obtain a late lunch but crossed the street between intersections and walked in front of a moving vehicle, thereby voluntarily encountering hazards not foreseeably flowing from the conditions of employment nor part of normal going and coming from her work premises, and negating any authority the employer may have exercised over her. *Id.* at 386. Here, Costello did not voluntarily place herself into a heightened or unforeseeable zone of risk by merely conventionally descending stairs to exit the premises of her hotel.

**CONCLUSION**

Under a proper application of the traveling employee exception to the going and coming rule, we conclude the undisputed evidence compelled a finding in Costello's favor on the issue of whether her injury was work-related. Accordingly, the decision of the Court of Appeals is affirmed. To be clear, however, our holding is based solely on long-established Kentucky law. Thus,

11

there being no need to resort to decisions of foreign jurisdictions for guidance or clarification, any reliance on same is hereby wholly disclaimed.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Joseph C. Klausing
Brian W. Davidson
O'Bryan, Brown & Toner, PLLC

COUNSEL FOR APPELLEE:

William E. Brown, II
Kelly Phuong Spencer
Spencer Law Group

ADMINISTRATIVE LAW JUDGE:

Hon. John Hampton McCracken

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey
Chairman